## No. 26593

**The People of the State of Colorado v. Israel Valdez Guitron**

(552 P.2d 304)

Decided July 19, 1976.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, E. Ronald Beeks, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Norman R. Mueller, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

The defendant was charged with first-degree murder as a result of the stabbing to death of an 18-year-old woman. There were plea negotiations which culminated in an agreement — subject to the approval of the court — that the defendant would plead guilty to second-degree murder and be sentenced to a term of not less than 12 nor more than 20 years. The court accepted the agreement after a full hearing. At the conclusion of another complete hearing, in which the court announced that it would not give credit for 361 days presentence confinement time, it sentenced the defendant to a term in the penitentiary of not less than 12 nor more than 20 years. Four months later the defendant filed a pro se handwritten "MOTION UNDER RULE 35(b)." In this motion he asked "credit for jail time," and gave as a basis for the motion a statement to the effect that credit for presentence confinement was a part of the plea bargaining agreement.

Before the hearing upon the motion, it was amended to become a motion under Crim. P. 35(a). After hearings, the court treated it as a Rule 35(b) motion, granted the motion, set the plea aside and ordered the defendant tried under the charge of first-degree murder. On trial he was convicted. He seeks reversal on several grounds. We reverse as to one of these and rule that the motion should have been treated solely under Rule 35(a); and remand (a) for vacation of the order setting aside the plea of guilty of second-degree murder, (b) for vacation of all subsequent proceedings, and (c) for reinstatement of the sentence of 12 to 20 years.

The following exchange occurred at the commencement of the hearing upon the Crim. P. 35 motion:

"E. L. BEVILLE [Deputy State Public Defender]: . . . First of all, we would ask the Court for leave to amend the motion which is the subject of this hearing today and says Motions under Rule 35(b), and Paragraph 2 of the motions cites Rule 35(b), and I would advise the Court, that the request actually falls under 35(a) rather than 35(b).

"THE COURT: Very well. The Court will either amend it or treat it as a motion under either 35(a) or 35(b), as you prefer?

"E. L. BEVILLE: Yes. It would come under 35(a), Your Honor.

"THE COURT: Then you prefer to amend the motion under 35(a) instead of 35(b)?

"E. L. BEVILLE: Yes, sir.

* * * *

"THE COURT: All right. Let's show 'Motion Under Crim. P. 35(a)', is that correct?

"E. L. BEVILLE: Yes, thank you, Your Honor."

The court also ordered that the term "Rule 35(b)" in the text of the motion be amended to read "Rule 35(a)." The hearing then proceeded.

Before the time that the Rule 35 motion was filed, the defendant had been represented successively by two other Deputy State Public Defenders, Sheldon Emeson and Darol C. Biddle. Prior to the commencement of plea bargaining, Mr. Emeson had become District Attorney and Carl M. Shinn was appointed special prosecutor. Mr. Shinn and Mr. Biddle conducted the plea bargaining, but Mr. Emeson sat in on most, if not all, of it. At the Rule 35 hearing the defendant testified that he understood that a part of the bargain was that he would be given credit for presentence confinement. Messrs. Shinn, Emeson and Biddle testified that this had not been a part of the plea bargain. When this point was reached in Mr. Biddle's testimony, Mr. Beville was granted permission to withdraw from the representation of the defendant by reason of the conflict between the testimony of the defendant and Biddle. Private counsel, George McLachlan, was then appointed to represent the defendant.

After the hearing resumed with Mr. McLachlan as counsel, Mr. Biddle further testified that during the period of plea bargaining he had assured the defendant that he would ask the court to give the defendant credit for presentence confinement time. Mr. Biddle later failed to make such request to the court.

At the conclusion of the hearing Mr. McLachlan was arguing to the court that presentence confinement time should be credited to the minimum of 12 years. The following then transpired:

"THE COURT: All right. The Court wants to be clear on that point, if you are referring to what the Court said at the last hearing about the motion. What the Court intended to say was: The defendant filed the motion titled 35(b); the defense attorney at the beginning of that hearing asked to amend so that it would read 35(a) instead of 35(b). Now, the Court thinks, that because it involves request for reduction and amendment, and also the problem of the issue of whether he was promised something he didn't get, that the Court is treating it as if it were both.

"GEORGE MCLACHLAN: Fine. Now, cases I am going to cite are. . . .".

Mr. McLachlan then cited an opinion of this court as authority for the proposition that the sentence should be reduced. The record continues:

"THE COURT: Is the question before us whether it was an illegal sentence?

"GEORGE MCLACHLAN: No. I would state, Your Honor, in all honesty, I think probably if anything it could be erroneous sentence as opposed to void or illegal sentence, but the Maciel case [*Maciel v. People*, 172 Colo. 8, 469 P.2d 135 (1970)] raises the question, 'Is the period defendant was confined in jail prior to conviction and sentence a period of "involuntary servitude" in abrogation of Article 2, Section 26, Constitution of Colorado and of the Due Process of Law clause, 14th Amendment, United States Constitution? Should the judgment of sentence reflect the deduction of said confinement in jail from the sentence imposed by the court?'"

Mr. McLachlan continued at length with his argument for reduction of the sentence.

At the conclusion of the hearings on the Rule 35 motion, the court gave no indication that it disbelieved the testimony that presentence confinement time was not a part of the plea bargain. The court expressed concern, however, that the defendant may have misunderstood and believed that it was a part of the bargain. The court noted that the defendant's knowledge of English might be limited, and that the defendant might have interpreted Mr. Biddle's assurance as a statement that credit for presentence confinement was a part of the bargain.

The court then entered an order which ends as follows:

"IV

"That because the court concludes that there was a substantial possibility of misunderstanding by the defendant, the defendant's plea entered March 9, 1973 was involuntary, and the defendant should be given an opportunity to withdraw same and enter whatever plea he desires.

"NOW, THEREFORE, IT IS ORDERED that defendant's plea of guilty to second degree murder entered March 9, 1973 be and it is hereby vacated and set aside, and the sentence imposed thereunder March 29, 1973 be and the same is hereby vacated and set aside, and the defendant is remanded to the custody of the Sheriff of Prowers County, Colorado without bail, and shall appear before this Court for rearraignment to the Information on September 28, 1973 at 10:11 A.M.

"DONE in open Court September 21, 1973."

The special prosecutor filed a notice of appeal in order to attempt to obtain reversal of the order setting aside the plea. The trial court refused to grant a continuance of the trial under the first-degree murder charge. Thus the appeal could not have been concluded prior to the trial and, therefore, the appeal was abandoned. The special prosecutor then sought to accomplish his objective by filing here a petition for a writ in the nature of prohibition. We denied that petition.

■ We hold that this was simply a Rule 35(a) proceeding for the reduction of sentence. It was not within the province of the court *sua sponte* to treat it as a Rule 35(b) proceeding and pass upon whether the plea should be set aside. *See United States v. Bell*, 457 F.2d 1231 (5th Cir. 1972). The issue was purely a reduction of sentence, even though the basis argued was that the reduction was a part of the plea bargaining.

The Attorney General claims that the court's election to treat the motion as if filed under both subsections, 35(a) and 35(b), was agreed to by the defendant's attorney. This position is predicated solely upon Mr. McLachlan's response to the court, quoted above, which commenced with the word "Fine." In the light of the argument Mr. McLachlan made both before and after the use of this word, it is apparent that he was not agreeing with this election of the court, but that he was merely being deferential to the court.

The Attorney General argues that the attorney specifically stated that, if the defendant had entered a guilty plea under a misunderstanding as to presentence confinement credit, the trial court should properly vacate the plea. We do not so read the record, but rather perceive from it that counsel was arguing that, if there was a violation of the agreement in this respect, the court should correct the matter by implementing the agreement, *i.e.*, reducing the sentence.

It is to be noted that the court has not passed upon the Rule 35(a) motion and that a Rule 35(b) motion has not been before the court.

The judgment is reversed and the cause remanded with directions to vacate the court's order of September 21, 1973 and all proceedings subsequent thereto, to reinstate the plea of guilty to second-degree murder, and to reinstate the sentence imposed thereunder.

MR. JUSTICE ERICKSON dissents.

MR. CHIEF JUSTICE PRINGLE does not participate.