## No. 79SA118

**James Hemphill v. The District Court in and for the 2nd Judicial District and State of Colorado, and the Honorable Gilbert A. Alexander, one of the Judges thereof**

(593 P.2d 972)

Decided April 30, 1979.

J. Gregory Walta, State Public Defender, Craig L. Truman, Chief Deputy, Alex J. Martinez, Deputy, for petitioner.

No appearance for respondents.

*En Banc.*

MR. CHIEF JUSTICE HODGES delivered the opinion of the Court.

This is an original proceeding in which the petitioner, James Hemphill, seeks a writ directing the respondents to allow the warden of the Denver County jail to exercise his discretion in deducting good time from the petitioner's sentence. We issued a rule to show cause, and ordered the release of the petitioner pending review of the issue presented. We now make the rule absolute.

The petitioner was convicted of a class three misdemeanor and sentenced to the Denver County jail for a term of six months "flat." After five months, the petitioner had accumulated enough good time to permit his immediate release were it not for the trial court's "flat" time sentence.

A convicted defendant's punishment is discretionary with the trial court within statutory limits. *People v. Pauldino,* 187 Colo. 61, 528 P.2d 384 (1974); *People v. Jones,* 176 Colo. 61, 489 P.2d 596 (1971). Section 17-26-109, C.R.S. 1973 (1978 Repl. Vol. 8) provides that "[e]very person who is sentenced to and imprisoned in any county jail of this state . . . and who performs faithfully the duties assigned to him during his imprisonment therein is entitled to a deduction from the time of his sentence of two days in each month." It is not within the power of the sentencing court to impose a sentence which denies to one imprisoned in the county jail the benefits of this statute. The obvious effect of this statute is to proscribe the imposition of a "flat" time sentence which denies a defendant his statutory right to a reduction from the time of his sentence for good behavior. The so-called "flat" sentence imposed here has no statutory meaning or validity.

The rule is made absolute.

MR. JUSTICE CARRIGAN does not participate.