The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Merrill Larry IVERY, Defendant-Appellant.

No. 78–1102.

Colorado Court of Appeals, Div. II.

July 24, 1980.

J. D. MacFarlane, Atty. Gen. John W. Coughlin, James E. Thompson, Designated Counsel, Denver, for plaintiff-appellee.

Cooke, Gilles & Schaefer, Thomas J. Mangan, Denver, for defendant-appellant.

STERNBERG, Judge.

Defendant, Merrill L. Ivery, brings this appeal from the dismissal of his Crim.P. 35(b) motion for post-conviction relief. We reverse and remand for further proceedings.

Ivery was charged by information with second degree burglary, a Class 3 felony, and conspiracy. On the day of the trial, June 15, 1977, he asserted that he was not competent to go to trial and requested a hearing. The trial judge made a preliminary finding of competency but granted Ivery's motion for another hearing before a different judge pursuant to § 16–8–111(2), C.R.S.1973. On the same day, the second competency hearing was commenced and, pursuant to Ivery's request, a psychiatric examination was ordered by the second judge. The psychiatrist examined Ivery the following morning, and when the hearing resumed, testified that in his opinion Ivery was competent to understand the proceedings and to assist counsel in the defense of his case. The court then ruled that Ivery was competent and returned the case for trial.

However, rather than proceeding to trial, Ivery negotiated a plea to a reduced charge, and the trial court accepted a plea of guilty to second degree burglary, a Class 4 felony, and dismissed the conspiracy charge. On July 16, 1977, Ivery was sentenced to from 8 to 10 years in the state penitentiary.

Ivery subsequently filed a motion for reconsideration of sentence pursuant to Crim.P. 35(a)[1] and following a hearing on December 2, 1977, the trial court reduced the sentence to from 6 to 10 years imprisonment. At the same hearing the trial court appointed new counsel to represent Ivery on a Crim.P. 35(b) motion that had previously been filed.

In the Crim.P. 35(b) motion, Ivery challenged his conviction, asserting he had not properly been advised of the elements of the offense to which he entered his June 16, 1977, guilty plea, and that the plea was not knowingly and voluntarily made, because at the time he entered the plea he was not competent. In that motion, he sought to withdraw his guilty plea and proceed to trial. On the date set for hearing, April 19, 1978, Ivery withdrew his Crim.P. 35(b) motion. Both Ivery and his attorney explained, without contradiction, that the motion was withdrawn because the prosecutor had threatened to file habitual criminal charges in the case prior to trial if Ivery prevailed on the motion. The trial court stated that there was nothing improper about the threat.

Subsequently, Ivery, no longer represented by counsel, filed a motion designated Crim.P. 35(a) seeking consideration of his previous Crim.P. 35(b) motion on the ground that he was illegally coerced into withdrawing that motion by the prosecution. At a hearing on October 25, 1978, the trial court dismissed Ivery's motion. Ivery filed a *pro se* notice of appeal with the district court on November 6, 1978, and this court subsequently ordered that counsel be appointed for purposes of the appeal.

Although Ivery raises issues concerning the rulings relative to his competency to go to trial, the validity of his guilty plea, and the propriety of the prosecution's tactics in inducing him to withdraw his Crim.P. 35(b) motion, procedurally this appeal is from the trial court's October 25, 1978, order denying his request for consideration of his Crim.P. 35(b) motion.

■ We conclude that, despite the fact that Ivery's motion was designated Crim.P. 35(a), in substance it clearly raised issues and sought relief available under Crim.P. 35(b) and thus should have been considered a motion for post-conviction relief under Crim.P. 35(b). *Cf. People v. Guitron*, 191 Colo. 284, 552 P.2d 304 (1976). It was error to dismiss that motion.

Crim.P. 35(b) provides the defendant the procedural mechanism, among other things, to attack a conviction which is constitutionally infirm. *See People v. Bucci*, 184 Colo. 367, 520 P.2d 580 (1974). And, although Crim.P. 35(b) does not provide a perpetual right of review to every defendant in every case, *see People v. Hubbard*, 184 Colo. 243, 519 P.2d 945 (1974), here, Ivery raises issues of constitutional magnitude and he has yet to have a forum in which fully to pursue these issues.

■ Because we hold that Ivery is entitled to consideration of his Crim.P. 35(b) motion, and if warranted to a hearing thereon, *see Bresnahan v. People*, 175 Colo. 286, 487 P.2d 551 (1971), we address the propriety of filing habitual criminal charges should Ivery prevail on his motion and be granted a new trial. Ivery contends that the filing of such charges by the state would be vindictive, would penalize him for exercising his right to appeal, and thus would constitute a denial of due process of law. We agree.

■ In his Crim.P. 35(b) motion Ivery sought to have his guilty plea vacated. Vacation of a guilty plea following a successful Crim.P. 35(b) motion results in an abrogation of the plea bargain, and there is no impediment to the prosecution reinstating the charges dismissed as a result of the bargain. *People v. Colosacco*, 177 Colo. 219, 493 P.2d 650 (1972); *People v. Mason*, 176 Colo. 544, 491 P.2d 1383 (1971). The instant case is distinguishable in that here habitual criminal charges were never brought against Ivery, notwithstanding the fact that such charges could have been filed under the original information. The filing

---

1. All citations to Crim.P. 35 refer to the rule prior to the amendments of November 13, 1979.

of such charges in the event Ivery prevails in his Crim.P. 35(b) motion would not be the reinstatement of previously dismissed charges, but rather would be the filing of new and additional charges in retaliation for Ivery's exercise of his right to seek post-conviction review.

Habitual criminal charges, if proven, substantially enhance the punishment imposed upon a convicted defendant. Section 16–13–101, C.R.S.1973 (1978 Repl. Vol. 8). Ivery alleges that he withdrew his Crim.P. 35(b) motion on April 19, 1978, in response to the prosecution's threat of enhancing the severity of the charges and thus the possible penalty, in the event a new trial was granted.

In *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), the Supreme Court stated that "imposition of a penalty upon the defendant for having successfully pursued a statutory right of appeal or collateral remedy would be . . . a violation of due process of law." 395 U.S. at 724, 89 S.Ct. at 2080, 23 L.Ed.2d at 669. The Court went on to state that "vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial." 395 U.S. at 725, 89 S.Ct. at 2080, 23 L.Ed.2d at 669. The same rationale applies to the prosecution; additional charges may not be filed following a defendant's successful pursuit of an avenue of appeal. *See Blackledge v. Perry*, 417 U.S. 221, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974). This is precisely the situation presented by the instant case.

■ The People contend that the threat to file habitual criminal charges arose during the give and take of plea negotiations and thus was permissible prosecutorial leverage under *Bordenkircher v. Hayes*, 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978). In *Bordenkircher* the Supreme Court reaffirmed its previous decisions that "[t]o punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort." The

Court held, nevertheless, that the threat of enhancing the charges levied against a defendant should he decide to proceed to trial is not impermissible during the give and take of plea bargaining because no "element of punishment or retaliation [is present] so long as the accused is free to accept or reject the prosecution's offer." 434 U.S. at 363, 98 S.Ct. at 668, 54 L.Ed.2d at 611.

In the instant case, however, we are beyond the pre-trial plea negotiation stage; here defendant is pursuing an avenue of appeal and should not be subjected to pressure of the type used to coerce him into waiving that right. *North Carolina v. Pearce, supra; Blackledge v. Perry, supra.* Thus, there is no merit to the People's argument that the threat of enhanced charges in the instant case occurred during plea negotiations. Ivery had entered a plea of guilty to negotiated charges, the plea was accepted, and the trial court entered judgment of conviction thereon. Ivery was sentenced and a mittimus was issued, and, following the expiration of 120 days after sentencing, the judgment of conviction became final. Crim.P. 35(a); *People v. Smith*, 189 Colo. 50, 536 P.2d 820 (1975). Ivery was, and is, pursuing an appeal from a final judgment. Thus, it would be constitutionally impermissible for the People to penalize him for exercising that right by filing habitual criminal charges if he is granted a new trial. *Bordenkircher v. Hayes, supra.*

The trial court's dismissal of Ivery's Crim.P. 35(b) motion is reversed, and the cause is remanded to the trial court for further proceedings consistent with this opinion.

PIERCE and SMITH, JJ., concur.