**The PEOPLE of the State of Colorado,
Plaintiff-Appellee,**

v.

**Richard B. HORTON,
Defendant-Appellant.**

**No. 79CA0430.**

Colorado Court of Appeals,
Div. III.

Dec. 11, 1980.

Rehearing Denied Feb. 5, 1981.

Certiorari Denied May 18, 1981.

[sic] *Ditch Co. v. John Flood Ditch Co.*, the Court says—let me give you a cite—76 Colo. 500 [223 P. 167]—"or the defendant has breached a contract, it is the duty of the injured party to take such reasonable steps as are within his power to reduce the damages"—not eliminate, but reduce the damages—" or to lessen them or to avoid them as a reasonably prudent man would take in like circumstances."

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Sarah Scott Sammons, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Margaret L. O'Leary, Deputy State Public Defender, Denver, for defendant-appellant.

KIRSHBAUM, Judge.

Defendant appeals the trial court's denial of his motion to withdraw his guilty plea to third degree assault. We affirm.

Five criminal charges, including two felony counts of vehicular assault, were filed against defendant as a result of his involvement in an automobile accident. Pursuant to plea negotiations, the information was amended to add a sixth count of third degree assault, a class one misdemeanor. Defendant agreed to plead guilty to this sixth count in exchange for dismissal of the other charges and a recommendation of probation by the district attorney.

During the providency hearing, the presiding judge informed defendant of the applicable penalties, including the possibility of incarceration in the county jail for a period of no less than six months nor more than two years. The judge then stated as follows:

> "I understand the District Attorney's Office is going to recommend probation for you; you understand though, do you, that finally it will be up to me, or some other Judge, to make a decision as to whether you will be fined, sentenced or given probation?"

After defendant responded "yes" to this question, the trial court accepted his guilty plea to the reduced charge.

At defendant's sentencing hearing on February 1, 1979, a different trial judge presided. The probation department's presentence report indicated that defendant had committed six prior offenses, four of which were traffic or alcohol-related, and recommended that probation be granted on the condition that defendant "serve an appropriate amount of time in the county jail." Defense counsel argued that no incarceration should be imposed because defendant often worked overtime on weekends and that income was needed to support his family. The court granted defendant two years probation on the following conditions: that defendant serve 15 weekends (30 days) in the county jail, pay $1,000 restitution, receive alcohol counseling, and refrain from driving an uninsured vehicle. At defendant's request, the trial court also ordered that defendant need not satisfy the incarceration condition on consecutive weekends. Defendant then executed an agreement stating that he fully understood those conditions.

Defendant did not ask to withdraw his guilty plea at the sentencing hearing, nor did he argue at that time that the sentence violated the plea bargain. On February 6, 1979, defendant filed a motion to withdraw his guilty plea on the sole ground that the trial court failed to follow the plea agreement. The motion did not allege that defendant was not adequately advised of the possible penalties at the providency hearing pursuant to Crim.P. 11(b)(4). Defendant's motion was denied by the judge who imposed sentence, and defendant appeals that order.

Defendant now argues that he is entitled to withdraw his guilty plea because he was not informed at the time he entered his plea that incarceration could constitute a condition of probation. We disagree.

Defendant's argument incorrectly assumes the terms "sentence" and "incarceration" to be synonymous antonyms of the term "probation." Probation is entirely a creature of statute. *People v. Ledford*, 173 Colo. 194, 477 P.2d 374 (1970). The General Assembly has classified probation as one of several "alternatives in entering judgment imposing sentence." Section 16–11–101(1), C.R.S. 1973 (1978 Repl.Vol. 8). It also has expressly granted to trial courts, as part of their probationary power, the following authority:

"When it appears to the satisfaction of the court that the ends of justice and the best interest of the public, as well as the defendant, will be served thereby, the court may grant the defendant probation for such period and upon such terms and conditions as it deems best. In addition to imposing other conditions, the court has the power to commit the defendant to any jail operated by the county or city and county in which the offense was committed during such time or for such intervals within the period of probation as the court determines...." Section 16–11–202, C.R.S. 1973 (1978 Repl.Vol. 8).

Thus, incarceration, while itself a sentencing alternative, is also a possible specific condition of probation. Here, the trial court expressly advised defendant that one possible consequence of his guilty plea was incarceration in the county jail for up to two years and defendant stated he understood that possibility. The trial court also properly advised defendant that a grant of probation was another possible consequence of his guilty plea. We find no authority to suggest that the trial court had a duty to articulate all possible statutory conditions which might or might not become conditions of defendant's probation. Under these circumstances, defendant's argument that his plea of guilty at the providency hearing was not made with a full understanding of the possible consequences thereof is without merit.

Defendant also contends that he should have been permitted to withdraw his guilty plea because the sentence imposed did not conform to the plea argument. We again disagree.

When a trial court elects not to follow the prosecution's recommendations made in connection with a plea agreement, defendant must be given an opportunity to

withdraw his guilty plea. Crim.P. 32(d) (1979 Cum.Supp.); *People v. Wright,* 194 Colo. 448, 573 P.2d 551 (1978). However, here, the sentencing judge accepted the prosecution's recommendation and granted defendant two years probation, and at the conclusion of the sentencing hearing defendant executed a form indicating his understanding of all the probation conditions, including incarceration. Thus, even if we assume his motion to withdraw plea was timely filed, *but see* Crim.P. 32(d), *supra,* it is without merit.

Order affirmed.

VAN CISE and STERNBERG, JJ., concur.