**The PEOPLE of the State of Colorado, Plaintiff-Appellant,**

v.

**John TURNER, Defendant-Appellee.**

**No. 82SA48.**

Supreme Court of Colorado.

May 10, 1982.

Dennis E. Faulk, Dist. Atty., Canon City, Steven B. Rich, Deputy Dist. Atty., Fairplay, for plaintiff-appellant.

No Appearance for defendant-appellee.

QUINN, Justice.

On this appeal the People request us to determine whether section 16–7–403(2), C.R.S.1973 (1978 Repl. Vol. 8), which provides that upon revocation of a deferred judgment and sentence "the court shall enter judgment and impose sentence," prohibited the district court from granting the defendant probation when it revoked his deferred judgment and sentence for felony

theft, and, instead, required the court to impose a sentence of imprisonment. We conclude that the court had the authority to grant probation to the defendant and, therefore, we affirm the judgment.

The facts are not in dispute. On September 11, 1980, an information was filed charging the defendant with felony theft, a class 4 felony, in violation of section 18–4–401, C.R.S.1973 (1978 Repl. Vol. 8). Pursuant to a plea agreement with the district attorney the defendant tendered a plea of guilty to the charge on March 17, 1981. The court accepted the guilty plea, deferred the entry of judgment and the imposition of sentence for a period of two years, and placed the defendant under the supervision of the probation department. The written terms and conditions of the supervision were acknowledged and accepted by the defendant. On November 18, 1981, the probation department filed a petition to revoke the deferred judgment and sentence because the defendant had violated the terms and conditions of his probationary supervision. After an evidentiary hearing the court sustained the petition to revoke and entered a judgment of conviction on the defendant's plea of guilty to felony theft. The defendant previously had not been convicted of any prior felonies and, therefore, was eligible for probation under section 16–11–201(2), C.R.S.1973 (1978 Repl. Vol. 8).[1] The court granted the defendant probation and ordered the defendant to serve 15 weekends in the county jail as one of the conditions of probation.[2] It is this order granting the defendant probation which the district attorney challenges on this appeal.

Section 16–7–403(1), C.R.S.1973 (1978 Repl. Vol. 8), authorizes the court, upon the written stipulation of the defendant, the defendant's attorney and the district attorney, to accept a plea of guilty and to defer the entry of judgment and the imposition of sentence for a period of two years, during which time the defendant may be placed under the supervision of the probation department. Section 16–7–403(2), C.R.S.1973 (1978 Repl. Vol. 8), outlines the consequences flowing from such a disposition:

"Upon full compliance with such conditions by the defendant, the plea of guilty previously entered shall be withdrawn and the action against the defendant dismissed with prejudice. Such stipulation shall specifically provide that, upon a breach by the defendant of any condition regulating the conduct of the defendant, *the court shall enter judgment and impose sentence upon such guilty plea.* Whether a breach of condition has occurred shall be determined by the court without a jury upon application of the district attorney and upon notice of hearing thereon of not less than five days to the defendant or his attorney of record. The burden of proof at such hearing shall be by a preponderance of the evidence, and the procedural safeguards required in a revocation of probation hearing shall apply" (emphasis added).

The People contend that the statutory language "the court shall ... impose sentence" requires the court to impose a sentence of imprisonment rather than some

---

1. Section 16–11–201(2), C.R.S.1973 (1978 Repl. Vol. 8), states:

   "A person who has been twice convicted of a felony in this state or another state prior to the conviction on which his application is based shall not be eligible for probation."

2. Section 16–11–202, C.R.S.1973 (1978 Repl. Vol. 8), provides as follows:

   "When it appears to the satisfaction of the court that the ends of justice and the best interest of the public, as well as the defendant, will be served thereby, the court may grant the defendant probation for such period and upon such terms and conditions as it deems best. In addition to imposing other conditions, the court has the power to commit the defendant to any jail operated by the county or city and county in which the offense was committed during such time or for such intervals within the period of probation as the court determines. The aggregate length of any such commitment whether continuous or at designated intervals shall not exceed ninety days for a felony, sixty days for a misdemeanor, or ten days for a petty offense unless it is a part of a work release program pursuant to section 16–11–212. That the defendant submit to commitment imposed under this section shall be deemed a condition of probation."

other alternative to imprisonment, such as probation. We disagree with the People's contention.

■■■ A "sentence" generally refers to that part of a judgment which describes the punishment imposed by the court following the defendant's conviction for a criminal offense. *See, e.g., Korematsu v. United States,* 319 U.S. 432, 63 S.Ct. 1124, 87 L.Ed. 1497 (1943). To constitute a "sentence," the punishment need not take the form of imprisonment. The Colorado Code of Criminal Procedure expressly refers to various forms of sentences, which include the following: a sentence to imprisonment at a correctional facility, sections 16–11–101(1)(b) and 16–11–301, C.R.S.1973 (1978 Repl. Vol. 8 and 1981 Supp.); a sentence to the payment of a fine, sections 16–11–101(1)(e) and 16–11–502(2), C.R.S.1973 (1978 Repl. Vol. 8 and 1981 Supp.); and a sentence "to comply with any other court order authorized by law," section 16–11–101(1)(f) (1978 Repl. Vol. 8). Clearly, a sentence "to comply with any other court order authorized by law" includes an order placing the defendant on probation. In fact, various sections of the Colorado Code of Criminal Procedure refer to a grant of probation as a form of sentence. For example, section 16–11–204(1), C.R.S.1973 (1978 Repl. Vol. 8 and 1981 Supp.), requires the court to provide "as explicit conditions of every sentence to probation that the defendant not commit another offense . . . ." Section 16–11–203, C.R.S.1973 (1978 Repl. Vol. 8 and 1981 Supp.), outlines the criteria for granting probation and permits the court to exercise its discretion in granting probation unless "it is satisfied that imprisonment is a more appropriate sentence for the protection of the public because . . . (c) A sentence to probation will unduly depreciate the seriousness of the defendant's crime or undermine respect for the law . . . ." Given the legislative ascription of various forms of judicial punishment to the word "sentence" throughout the Colorado Code of Criminal Procedure, we do not believe the use of the word "sentence" in section 16–7–403(2) requires the court to impose a sentence to imprisonment, to the exclusion of other forms of punishment expressly sanctioned by statute.

Our recent decision in *People v. Widhalm,* Colo. 642 P.2d 498 (1982), implicitly recognizes probation as a form of sentence within the intendment of section 16–7–403 (2). We there held that

"where the court conducts a revocation hearing and, as here, finds by a preponderance of the evidence that the defendant has violated the terms of the deferred judgment, section 16–7–403(2) requires the court to enter a judgment of conviction and, after an appropriate presentence hearing, to either sentence the defendant to a term of imprisonment or, in the court's discretion, to a term of probation if he is otherwise eligible therefor."

*See also People v. Ray,* 192 Colo. 391, 560 P.2d 74 (1977) (quoting with approval § 1.1(b) of the ABA Standards Relating to Probation which defines probation as "a sentence not involving confinement which imposes conditions and retains authority in the sentencing court to modify the conditions of the sentence or to resentence the offender if he violates the conditions"). This same view of probation as a form of sentence finds support in the current American Bar Association Standards For Criminal Justice:

"Probation is an attempt by society to impose a sanction that will accomplish its goals, just as any other sentence is. That it happens to be less restrictive of liberty is irrelevant to the question of definition. To be sure, a sentence of probation is distinctive in that, once imposed, it can be increased on the occurrence of events amounting to a violation of its conditions. In reality, this may be less distinctive than appears at first glance, since sentences to total confinement are generally indeterminate and thus permit considerable increase above the expected date of release. Sentences to total confinement also often permit temporary releases or furloughs. In any event, the status of probation as a sentence in its own right should not be denied because of the possi-

bility of revocation, since this possibility will in fact ripen into fact in only a small minority of cases." III *ABA Standards For Criminal Justice, Commentary, Sentencing Alternatives and Procedures* at 18.80 (1980).

We hold that probation is a form of sentence within the meaning of section 16–7–403(2) and, as long as a defendant is otherwise eligible for probation, *see* section 16–11–201, C.R.S.1973 (1978 Repl. Vol. 8), a court may grant him probation upon the revocation of a deferred judgment and sentence. Since in this case the judgment of conviction for felony theft constituted the defendant's first felony conviction, he was eligible for probation and it was within the discretion of the court to grant him probation upon the revocation of the deferred judgment and sentence.

The judgment is affirmed.