The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Michael SMITH, Defendant-Appellant.

No. 82CA1460.

Colorado Court of Appeals, Div. III.

Nov. 23, 1983.

Rehearing Denied Dec. 29, 1983.

Certiorari Denied May 7, 1984.

---

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Marie Volk Bahr, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Philip A. Cherner, Deputy State Public Defender, Denver, for defendant-appellant.

STERNBERG, Judge.

Defendant, Michael Smith, appeals the denial of good time credit against a 60-day term served in county jail as a condition of probation. His sole contention preserved for review is that probation is equivalent to a sentence and that therefore it is mandatory to give good time credit. We dismiss the appeal.

Smith was charged with second degree kidnapping, first degree sexual assault, and aggravated robbery, and a mandatory sentence for commission of a crime of violence was sought. The aggravated robbery charge was dismissed after the preliminary hearing. Smith originally pleaded not guilty, but later entered a guilty plea to third degree sexual assault, at which time the remaining charges were dismissed.

The court sentenced Smith to two years in the county jail with credit for 25 days spent in confinement prior to sentencing. The sentence was suspended and Smith was placed on probation for two years. As a condition of probation, however, Smith was ordered to serve 60 days in the county jail, to perform 200 hours alternative service, to undertake an alcohol evaluation, and to comply with any program deemed necessary by the probation department. He was also fined $1,500, to be paid in monthly installments.

Smith subsequently filed a motion for post-conviction relief pursuant to Crim.P. 35(c), alleging he was not receiving credit for pre-sentence time against his 60 days and also was not being awarded good time credit by the county jail. A hearing was held, the motion was denied, and this appeal followed.

On appeal Smith asserts that a term of probation is a sentence and, thus, concludes that his incarceration in the county jail as a term of probation is subject to the same good time credit as provided by § 17–26–109, C.R.S.1973 (1978 Repl.Vol. 8) for sentences of imprisonment in the county jail. However, we view the controlling issue to be whether this court has jurisdiction to consider Smith's argument. We conclude that we do not.

In denying Smith's post-conviction motion, the trial court stated:

"The Court has determined that sixty days in the county jail is an appropriate amount of time as a *condition of probation* and it is the Court's order that he will serve sixty days as a *condition of probation,* not that he will serve sixty days minus whatever good time credit the Sheriff might allow." (emphasis added)

Section 16–11–101(1)(a), C.R.S.1973 (1978 Repl.Vol. 8) provides:

"The defendant may be granted probation unless the offense of which he is convicted makes him ineligible for probation. The granting or denial of probation and the *conditions of probation* shall not be subject to appellate review unless

probation is granted contrary to the provisions of this title." (emphasis added) Smith does not allege that the terms of probation were granted contrary to the provisions of title 16. His contention is that a part of title 17, § 17–26–109, is violated. Thus, contrary to the situation in *People v. Cera*, 673 P.2d 807 (Colo.App.1983), which concerned title 16, we lack jurisdiction to consider the argument.

In *People v. Horton*, 628 P.2d 117 (Colo. App.1980), this court noted that "incarceration, while itself a sentencing alternative, is also a possible specific *condition of probation*." (emphasis added) Also of significance is § 16–11–202, C.R.S.1973 (1978 Repl.Vol. 8), which vests a sentencing court with "the power to commit the defendant to any jail ... during such time or for such intervals within the period of probation as the court determines."

Here, in appealing the court's imposition of county jail time, Smith relies upon *People v. Turner*, 644 P.2d 951 (Colo.1982) and seeks appellate review of a condition of probation. We hold that such review is not permitted by § 16–11–101(1)(a), which bars review of "conditions of probation." *See People v. Godwin*, 679 P.2d 1095 (Colo. App.1983). To interpret *Turner* as broadly as Smith urges would be effectively to repeal that statute by judicial fiat. If probation is equivalent to a sentence for purposes of review, the denial of probation and all terms of probation would be appealable.

Smith argues that he is not challenging the sentencing court's discretion, but rather the county jailers' interpretation of the good time statutes, and thus, his Crim.P. 35(c) motion was proper. However, the trial court made it clear that any computation of good time credit or interpretation of the good time statutes was irrelevant because, as a condition of probation, no good time credit would be permitted.

The appeal is dismissed.

BABCOCK, J., concurs.

TURSI, J., dissents.

TURSI, Judge, dissenting.

I respectfully dissent.

I do not dispute that § 16–11–101(1)(a), C.R.S.1973 (1978 Repl.Vol. 8) generally prohibits appellate review of conditions imposed upon probation by a trial court. However, I feel that the majority's reliance on that section in declining to reach the merits of Smith's appeal is misplaced. Smith does not seek review of the 60-day county jail term imposed. Rather, he seeks review of the trial court's denial of his statutory right to good time credit pursuant to § 17–26–109, C.R.S.1973 (1978 Repl. Vol. 8). Thus, under his Crim.P. 35(c) motion, review is not of the conditions of probation, but rather is of the legal ramifications of the trial court's sentence.

In *People v. Turner*, 644 P.2d 951 (Colo. 1982), the court held that "a sentence ... includes an order placing the defendant on probation." *See* § 16–11–101, C.R.S.1973 (1978 Repl.Vol. 8). Thus, the suspension of the balance of the two year imprisonment conditioned, *inter alia*, upon a 60-day county jail term without credit for good time, was the "sentence" received by Smith. In *Hemphill v. District Court*, 197 Colo. 431, 593 P.2d 972 (1979), our supreme court held that § 17–26–109 prohibits a trial court from imposing a sentence which denies to a defendant the statutory right to a reduction in sentence time for good behavior. And, as the supreme court said in *People in Interest of A.F.*, 192 Colo. 207, 557 P.2d 418 (1976), "the power of a court to impose conditions of probation must be strictly construed from the applicable statutes."

Here, pursuant to § 16–11–202, C.R.S. 1973 (1978 Repl.Vol. 8), 60 days to be served in the county jail is the maximum commitment allowable as a condition of probation to a sentence imposed for a misdemeanor conviction. Denial of earned good time credit illegally expands upon the maximum time authorized under § 16–11–202 to which a trial court has power to commit a probationer to county jail, and, further, the denial violates § 17–26–109, C.R.S.1973 (1978 Repl.Vol. 8). Thus, the sentence is reviewable under § 16–11–

101(1)(a). *See People v. Cera,* 673 P.2d 807 (Colo.App.1983). And, under Crim.P. 35(c)(1). *People v. Malacara,* 199 Colo. 243, 606 P.2d 1300 (1980); *see also People v. Ivery,* 44 Colo.App. 511, 615 P.2d 80 (1980).

The rationale underlying the penitentiary good behavior statute is applicable to § 17-26-109, as the two statutes are substantially identical. *See* § 17-20-104, C.R. S.1973 (1982 Cum.Supp.). The purpose of the statute is to promote good behavior by incarcerated persons. *See Alexander v. Wilson,* 189 Colo. 321, 540 P.2d 331 (1975). The authority to grant good time credit is vested in the jail keeper so that he may reward and motivate such behavior. *See* § 17-26-109. This prerogative of the jailer may not be usurped by trial courts.

Therefore, I would remand to the trial court with instructions to vacate its order denying Smith statutory right to good time credit pursuant to § 17-26-109.