Deanna Marie FAULKNER, Petitioner,

v.

The DISTRICT COURT OF THE EIGHTEENTH JUDICIAL DISTRICT, DOUGLAS COUNTY, and the Honorable Thomas J. Curry, one of the Judges thereof, Respondents.

No. 91SA416.

Supreme Court of Colorado,
En Banc.

March 23, 1992.

Peter B. Albani, Castle Rock, for petitioner.

Robert R. Gallagher, Jr., Dist. Atty., James C. Sell, Chief Deputy Dist. Atty., Englewood, for respondents.

Chief Justice ROVIRA delivered the Opinion of the Court.

In this original proceeding pursuant to C.A.R. 21, Deanna M. Faulkner seeks reversal of an order of the Douglas County District Court (district court), depriving her of the benefit of good time [1] earned while in jail as a condition of her sentence to probation. We issued a rule to show cause and now make the rule absolute.

## I

■ This case was submitted on the briefs. Consequently, in the absence of a record on appeal, we are limited to setting forth only those facts derived from the briefs of the parties over which there is no dispute. In accordance with a plea agreement, Faulkner pleaded guilty to criminal attempt, a class 5 felony under section 18–2–101, 8B C.R.S. (1986 & 1991 Supp.). She was sentenced to probation for a period of five years. One of the conditions of her probation was that she serve ninety days in the Douglas County Jail, commencing August 23, 1991. The mittimus stated that Faulkner was being "sentenced to the Douglas County Jail ... for a term of 90 days," rather than that she serve the jail time as a condition of probation. Faulkner reported to the jail on the designated date. Pursuant to an arrangement between the Douglas County and Elbert County Sheriffs, she served part of the time in the Elbert County Jail.

Faulkner was released from jail after serving fifty-four days because the sheriffs had credited her with thirty-six days of good time. Her early release was brought to the attention of the sentencing judge who ordered her to appear before him.

The court then ruled that Faulkner was ineligible for good time credit because the ninety-day jail term was not a sentence to jail but a condition of probation. The court ordered that Faulkner serve the remaining thirty-six days.

Subsequently, the district attorney moved to amend the mittimus to reflect that Faulkner was serving the ninety-day jail term as a condition of probation. The court granted the motion, again ruled that Faulkner was ineligible for good time credit, and ordered that she serve each of the thirty-six days of good time erroneously granted. The court granted a stay of execution after being informed of her intent to seek relief from this court.

The issue before us is whether the district court erred in ruling that an individual incarcerated in the county jail as a condition of probation is not eligible for the good time deductions from sentence time allowed under sections 17–26–109 and 17–26–115, 8A C.R.S. (1986).

## II

■ In determining whether the legislature intended that individuals imprisoned as a condition of probation should be eligible for good time credit, we first examine all of the pertinent statutory provisions and construe them to give meaning to each provision. *See A.B. Hirschfeld Press, Inc. v. City & County of Denver*, 806 P.2d 917, 920 (Colo.1991); *People v. Johnson*, 797 P.2d 1296, 1297–98 (Colo.1990); *see generally* 72 C.J.S. *Prisons* § 145(b) (legislative intent, as evidenced by the statutory language, is determinative of what category of persons is included within a provision authorizing good time credit). We are also guided by the rule of lenity which requires us to construe any ambiguities in a penal statute in a manner favoring the person whose liberty interests are affected by the statute. *People v. Terry*, 791 P.2d 374, 377

---

**1.** "Good time" is used in this opinion to indicate the time credits granted prisoners under both the good time and trusty time provisions of §§ 17–26–109 and 17–26–115, 8A C.R.S. (1986). The time credited to Faulkner resulting in her

early release was designated by the parties on both sides as "good time" without any specific designation as to which form of time credit was provided.

n. 4 (Colo.1990); *S.G.W. v. People,* 752 P.2d 86, 88 (Colo.1988); *People v. Chavez,* 659 P.2d 1381, 1384 (Colo.1983). An ambiguity triggering application of the rule of lenity exists where statutory language lends itself to alternative constructions and its intended scope is unclear. *People v. Terry,* 791 P.2d 374, 376 (Colo.1990).

■ Good time credit is authorized by section 17–26–109, 8A C.R.S. (1986), which provides in pertinent part:

Every person who is sentenced to and imprisoned in any county jail of this state ... and who performs faithfully the duties assigned to him during his imprisonment therein is entitled to a deduction from the time of his sentence of two days in each month.

Similarly, section 17–26–115, 8A C.R.S. (1986), states:

Persons confined in the county jail, undergoing any sentence in accordance with law, who are engaged in work within or outside the walls of the jail, and who are designated by the sheriff as trusty prisoners, and who conduct themselves in accordance with the rules of the sheriff of the county and perform their work in a creditable manner, upon approval of the sheriff, may be granted such good time, in addition to that allowed under section 17–26–109, as the sheriff may order, not to exceed ten days in any one calendar month.

These two provisions, by their plain language, authorize good time credit for persons sentenced to, imprisoned in, or confined in the county jail while undergoing a sentence. While the statutes are capable of alternative interpretations concerning their applicability to persons serving jail time as a condition of probation, by application of the rule of lenity, we find that such persons are included within the category of persons eligible for good time credit.

Internment in a county jail as a condition to probation is authorized by section 16–11–202, 8A C.R.S. (1986):

When it appears to the satisfaction of the court that the ends of justice and the best interest of the public, as well as the defendant, will be served thereby, the court may grant the defendant probation for such period and upon such terms and conditions as it deems best. In addition to imposing other conditions, the court has the power to commit the defendant to any jail operated by the county or city and county in which the offense was committed during such time or for such intervals within the period of probation as the court determines. The aggregate length of any such commitment whether continuous or at designated intervals shall not exceed ninety days for a felony, sixty days for a misdemeanor, or ten days for a petty offense.... That the defendant submit to commitment imposed under this section shall be deemed a condition of probation.

The legislature has specifically recognized that probation with accompanying conditions is an alternative to a sentence of imprisonment. The "Alternatives in sentencing" statute provides in pertinent part:

[T]he trial court has the following alternatives in entering judgment imposing a sentence:

(a) The defendant may be granted probation unless the offense of which he is convicted makes him ineligible for probation. The granting or denial of probation and the conditions of probation shall not be subject to appellate review unless probation is granted contrary to the provisions of this title.

(b) [T]he defendant may be subject to imprisonment for a definite period of time.

§ 16–11–101(1), 8A C.R.S. (1986 & 1991 Supp.). We have also recognized that imprisonment and probation represent two distinct sentencing options. *See People v. Flenniken,* 749 P.2d 395, 397 (Colo.1988) ("[I]mprisonment and probation [are] among alternative sentences from which a court could choose."); *People v. Turner,* 644 P.2d 951, 953 (Colo.1982) (sentencing takes various forms which include sentencing a defendant to imprisonment in a correctional facility or granting him probation). In *People v. Horton,* 628 P.2d 117, 119 (Colo.App.1980), the court stated that "incarceration, while itself a sentencing al-

ternative, is also a possible specific condition of probation." Since both a sentence to imprisonment and a sentence to probation with imprisonment as a condition are treated by the legislature as alternative sentencing schemes, we find that the legislature intended to encompass both forms of imprisonment in defining persons eligible for good time credits under sections 17–26–109 and 17–26–115.

We are also being consistent with our past decision in *Hemphill v. District Court,* 197 Colo. 431, 432, 593 P.2d 972, 973 (1979), where we recognized that "[i]t is not within the power of the sentencing court to impose a sentence which denies to one imprisoned in the county jail the benefits of [section 17–26–109]." Here, the sentencing court imposed a sentence to probation with a condition of commitment to jail for a specified amount of time. Applying *Hemphill,* one who is imprisoned in the county jail, whether as a result of a sentence to imprisonment or a sentence to probation with a condition of imprisonment, cannot be denied the benefits of the good time statutes.

The purpose of jail time as a condition of probation, as with all conditions of probation, is to "insure that the defendant will lead a law-abiding life and to assist the defendant in doing so." § 16–11–204(1), 8A C.R.S. (1986 & 1991 Supp.). Another important purpose is to protect society against recidivism. *People v. Ressin,* 620 P.2d 717, 719 (Colo.1980). Consequently, when a court sentences a defendant to probation with a condition of jail time, the purpose is usually to motivate the individual to comply with the conditions of probation and to deter future illegal activity by exposing the defendant to the personal deprivations experienced while imprisoned. These goals are not defeated by allowing good time credit to persons who are in jail as a condition of probation. Good time is granted only to persons who comply with the rules of the sheriff and perform their work or duties faithfully, thus demonstrat-

ing their ability to comply with the terms of their probation and to refrain from future illegal conduct. The legislature specifically empowered a sheriff to credit cooperative prisoners with good time credits. Thus, by interpreting the statutory scheme to allow a sheriff to have authority to grant good time credit to those committed to jail as a condition of probation, we simultaneously support the policy behind the imposition of jail time as a condition of probation and the policy behind allowing a sheriff the discretion to authorize early release.

Unless they have lawful authority, jail keepers are prohibited from releasing persons sentenced or committed to jail. § 17–26–103, 8A C.R.S. (1986). The statutory scheme, however, authorizes early release of persons committed to jail as a condition of probation. We disagree, therefore, with the district court's order that Faulkner return to the county jail to serve the thirty-six days credited to her under the good time statutes. Accordingly, we now make the rule to show cause absolute.

VOLLACK, J., dissents.

Justice VOLLACK dissenting:

The majority concludes that a person given jail time as a condition of probation is eligible for good-time credits under sections 17–26–109 and 17–26–115, 8A C.R.S. (1986). I disagree.[1]

The sentencing statute evinces two separate and distinct legislative schemes: one for sentences of probation and another for sentences of imprisonment. *See* § 16–11–201, –213, 8A C.R.S. (1986), and § 16–11–301, –310, 8A C.R.S. (1986). Probation is purely a statutory creation. § 16–11–201, –213; *People v. Ray,* 192 Colo. 391, 393, 560 P.2d 74, 75 (1977); *People v. Ledford,* 173 Colo. 194, 196, 477 P.2d 374, 375 (1970). Section 16–11–202 provides:

> **Probationary power of court.** When it appears to the satisfaction of the court that the ends of justice and the best

---

1. While I disagree with the general rule adopted by the majority, I do agree that the rule of lenity should be applied to the facts in this case and that the defendant should not be returned to jail

because the original mittimus committing the defendant did not advise the sheriff that the confinement was a condition of probation.

interest of the public, as well as the defendant, will be served thereby, *the court may grant the defendant probation for such period and upon such terms and conditions as it deems best.* In addition to imposing other conditions, the court has the power to commit the defendant to any jail operated by the county or city and county in which the offense was committed *during such time or for such intervals within the period of probation as the court determines.... That the defendant submit to commitment imposed under this section shall be deemed a condition of probation.*

(Emphasis added.)

The terms and conditions of probation must be derived from the statute. § 16–11–203, 8A C.R.S. (1986) ("The court, *subject to the provisions in this title,* in its discretion may grant probation to a defendant[.]" (Emphasis added.)); *Ledford,* 173 Colo. at 196, 477 P.2d at 375. Under this statutory scheme, the sentence of probation and the imposition of any conditions of probation are entirely within the trial judge's discretion. § 16–11–202, –204(4), 8A C.R.S. (1986); *Ledford,* 173 Colo. at 196, 477 P.2d at 375. Moreover, the trial judge is the only person given statutory authority in the probation sentencing scheme to "reduce or increase the term of probation or *alter the conditions* or impose new conditions." § 16–11–204(4) (emphasis added).

There is no statutory provision for good-time credit in the probation sentencing scheme. In concluding that a condition of probation is subject to the good-time credit in sections 17–26–109 and 17–26–115, the majority writes a good-time credit provision into the probation scheme by including within this scheme mandatory credits that do not exist under a plain reading of the statute. *See* § 16–11–201, –213. This clearly was not the General Assembly's intent because the statute does not provide good-time credits as one of the terms and conditions of probation. In my opinion, conditions of probation should not be treated differently than the actual sentence of probation. Any enhancement or reduction in the probation sentence, or any condition of probation, is vested only in the trial judge. This court should not disrupt this statutory scheme and read sections 17–26–109 and 17–26–115 into the probation statute.

The majority concludes that sections 17–26–109 and 17–26–115 apply to incarceration when imposed as a condition of probation. The effect of these sections, however, is to reduce the overall *sentence* imposed by the court. Section 17–26–109 provides that a person who faithfully performs his or her duties in jail "is entitled to a deduction *from the time of his [or her] sentence* of two days in each month." (Emphasis added.) Under the probation sentencing scheme, a defendant is *sentenced* to probation and incarcerated as a *condition* of probation. The clear language of sections 17–26–109 and 17–26–115 applies to misdemeanor *sentences* to the county jail, and does not include incarceration as a *condition* of probation.

Finally, section 16–11–202, which provides for jail time as a condition of probation, does not include a good-time credit provision or any reference to sections 17–26–109 or 17–26–115. Likewise, neither section 17–26–109 nor section 17–26–115 refers back to section 16–11–202. The General Assembly is presumed to have acted with full knowledge of already existing laws. *Ingram v. Cooper,* 698 P.2d 1314, 1315 (Colo.1985) (presumption that General Assembly was mindful of prior good-time credit statutes when it enacted sentencing scheme for offenders). If the General Assembly intended a good-time credit to be a term or condition of probation, they would have included such language in section 16–11–202.

I respectfully dissent.