**The PEOPLE of the State of Colorado,
Plaintiff-Appellee,**

v.

**Roger Earl ADAMS,
Defendant-Appellant.**

**No. 84CA1164.**

Colorado Court of Appeals,
Div. II.

Sept. 26, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Delores S. Atencio, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Kevin L. Strobel, Deputy State Public Defender, Denver, for defendant-appellant.

STERNBERG, Judge.

Defendant, Roger Earl Adams, appeals the judgment of conviction of possession of a schedule I controlled substance, lysergic acid diethylamide (LSD), entered against him upon jury verdict. He contends that the conviction should be reversed because (1) the evidence is insufficient to sustain his conviction, and (2) repeated instances of prosecutorial misconduct denied him a fair trial. We reverse.

I.

Defendant asserts that the evidence was insufficient to prove beyond a reasonable doubt that he knowingly possessed the LSD. We do not agree.

Viewing all the relevant evidence in the light most favorable to the prosecution, we conclude that it is sufficient to support a conclusion by a reasonable person that defendant knowingly possessed the LSD and thus is guilty of the charge. *See People v. Gonzales*, 666 P.2d 123 (Colo.1983); *People v. Bennett*, 183 Colo. 125, 515 P.2d 466 (1973).

II.

Defendant contends that during the course of the trial, the prosecution engaged in misconduct that cumulatively resulted in such prejudice that defendant's conviction must be reversed. Because the prosecutor's conduct violated previous orders of the trial court and exposed the jury to inadmissible, prejudicial evidence, we agree with defendant's contention and reverse and remand for new trial.

## A.

Defendant first asserts that the implications by the prosecutor during voir dire, that the defendant had a prior criminal record, constituted prosecutorial misconduct which prejudiced his right to a fair trial. We agree.

■ With certain exceptions, evidence of prior criminal activity is inadmissible in a criminal prosecution. *People v. Goldsberry,* 181 Colo. 406, 509 P.2d 801 (1973). Moreover, the prejudice injected by an implication of prior criminality on the part of a defendant cannot ordinarily be considered harmless. See *People v. Bugarin,* 181 Colo. 62, 507 P.2d 875 (1973).

ABA, *Standards for Criminal Justice,* Standard 3–5.3(c) (2d ed. 1980) provides:

"The opportunity to question jurors personally should be used solely to obtain information for the intelligent exercise of challenges. *A prosecutor should not intentionally use the voir dire to present factual matter which the prosecutor knows will not be admissible at trial or to argue the prosecution's case to the jury.*" (emphasis added)

■ Here, prior to voir dire, the trial court had granted defendant's motion to suppress evidence of prior criminal activity, which consisted of an arrest for theft of corn, on relevancy grounds. Because defendant's prior criminal record would not have been admissible at trial, the prosecutor's injection of such prejudicial factual matter during the voir dire cannot be permitted.

## B.

■ We also agree with defendant that certain questions propounded by the prosecution during cross-examination of the defendant were improper.

Prior to trial, the court ordered that no questions concerning an empty bindle which had been found on defendant at the time of his arrest could be asked unless the defense "opened the door" during direct examination. And, to determine whether the door had been opened, the trial court ordered that an *in camera* hearing be conducted. Nevertheless, the prosecutor failed to request such hearing before asking the following questions:

Q. Did you have any other drugs on you?

A. No.

Q. Do you know what a bindle is?

ABA, *Standards for Criminal Justice,* Standard 3–5.7(d) (2d ed. 1980) states: "It is unprofessional conduct for a prosecutor to ask a question which implies the existence of a factual predicate for which a good faith belief is lacking."

Here, the prosecutor knew that defendant had no other drugs at the time of arrest and that the bindle had been empty. Moreover, in asking the foregoing questions, the prosecutor violated a previous order of the trial court. Thus, we agree with defendant that the questions contravened the spirit of fair dealing embodied in Standard 3–5.7(d) and were illustrative of a pattern of unprofessional conduct by the prosecutor during defendant's trial. *Cf. People v. Rubanowitz,* 688 P.2d 231 (Colo. 1984).

## C.

■ Defendant next contends that certain comments made by the prosecutor during rebuttal to defendant's closing argument improperly injected issues broader than defendant's guilt or innocence. We agree.

In rebuttal to defendant's closing argument, the prosecutor stated:

"Yes I agree that there has been a nightmare. There very nearly was. And we have heard some statements in voir dire about that nightmare, about the distribution of L.S.D. in elementary school

. . . .

Ladies and gentlemen, there is a nightmare and it's contained right here, L.S.D., hallucinogenic drug. This is the nightmare that was in the possession, the knowing possession of Roger Earl Adams. Not the nightmare of being accused of something that you did, the

nightmare of L.S.D. in our elementary schools in our community."

ABA, *Standards for Criminal Justice,* Standard 3–5.8(d) (2nd ed. 1982) provides:

"The prosecutor should refrain from argument which would divert the jury from its duty to decide the case on the evidence, by injecting issues broader than the guilt or innocence of the accused under the controlling law, or by making predictions of the consequences of the jury's verdict."

Here, the prosecutor's remarks served to divert the jury's attention from the issue whether the defendant *knowingly possessed* LSD by injecting an inflamatory issue not involved in the case concerning *distribution* of dangerous drugs to school children. By so doing, the prosecutor exceeded the bounds of proper argument, and his statements cannot be condoned. *See People v. Ferrell,* 200 Colo. 128, 613 P.2d 324 (1980); *cf. People v. Marin,* 686 P.2d 1351 (Colo.App.1983).

■ Accordingly, we hold that the prosecutor's improper reference to defendant's prior criminal record, his improper questions propounded during cross-examination of defendant, and his improper rebuttal to defendant's closing argument were so prejudicial as to deprive defendant of a fair trial.

Defendant's remaining contentions of error are without merit.

The judgment of conviction is reversed, and the cause is remanded for new trial.

SMITH and VAN CISE, JJ., concur.