**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Eric FLENNIKEN, Defendant-Appellant.**

**No. 84CA1457.**

Colorado Court of Appeals, Div. II.

Jan. 16, 1986.
Rehearing Denied Feb. 20, 1986.
Certiorari Granted June 16, 1986.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Clement P. Engle, Asst. Atty. Gen., Denver, for plaintiff-appellee.

R.D. Jorgensen, Pueblo, for defendant-appellant.

SMITH, Judge.

Defendant, Eric Flenniken, appeals the trial court's denial of his C.R.C.P. 35(a) motion to correct an illegal sentence. Defendant claims the trial court both violated sentence concessions provided for in the plea agreement and exceeded its jurisdiction in imposing probation the length of which extends beyond the presumptive

range for class 4 felonies. We reverse and remand for resentencing.

Defendant was a bank vice president under criminal investigation for embezzling funds. Before charges were filed, defendant and the prosecution reached a plea agreement. In order to avoid being charged and possibly convicted of a higher class felony, defendant, in a written plea bargain, agreed to plead guilty to two counts of violating § 18-4-401, C.R.S. (1978 Repl.Vol. 8), a class 4 felony. In accordance with the plea agreement, any imposed sentences were to run concurrently. These charges were ultimately filed against defendant.

The trial court approved the plea agreement and accepted defendant's pleas of guilty pursuant thereto. The trial court sentenced defendant to the Colorado Department of Corrections for four years plus one year of parole for each of the two counts. The court, however, stayed execution of the sentence and granted defendant probation for a sixteen year period—two consecutive periods of eight years each.

The court also ordered defendant to serve 180 days in the county jail as a condition of probation. This represented two 90-day consecutive sentences on each count. The court further ordered defendant to pay $32,000 as restitution. Defendant's post-conviction motion challenging the sentences imposed was rejected by the trial court, and this appeal followed.

## I.

Defendant first argues the eight-year period of probation for each count is illegal because it exceeds the 4-year maximum penalty for a class 4 felony allowable within the presumptive range under § 18-1-105(1)(a)(I), C.R.S. (1985 Cum.Supp.). Defendant contends that the period of probation for each offense must not exceed the maximum sentence period for which he could have been sentenced to imprisonment for that conviction. We agree.

■ Because probation is purely a statutory creation, the duration of proba-

tion must be no longer than the allowable term of confinement under the applicable statute. *People v. Knaub,* 624 P.2d 922 (Colo.App.1980). And, under the applicable sentencing scheme, unless the court determines that there are extraordinary aggravating circumstances, the sentence it may impose for a class 4 felony may not exceed 4 years. *See* § 18-1-105(1)(a)(I) and (6), C.R.S. (1985 Cum.Supp.).

■ Here, the trial court made no findings of extraordinary aggravated circumstances which would authorize sentencing beyond the presumptive range. Thus, the maximum term of confinement could not exceed that authorized within the presumptive range, and accordingly, the maximum term of probation could not exceed 4 years on each count.

## II.

Defendant next argues that the trial court erred in imposing, for each count, consecutive periods of probation, as well as consecutive county jail sentences. He argues that, like consecutive sentences, consecutive probation periods violate the plea agreement. The People concede, and we agree, that in this respect the trial court erred.

The trial court attempted to justify imposing the longer period of probation by distinguishing its obligation, under terms of the plea agreement, to sentence defendant to concurrent periods of confinement from that of granting him probation. The court reasoned that the plea agreement only bound it to impose concurrent sentences of incarceration but did not require it to impose concurrent periods of probation. This reasoning is in error.

■ A "sentence" refers to that part of a judgment which describes the punishment imposed by the court. Sentencing takes various forms which alike include sentencing a defendant to imprisonment in a correctional facility or granting him probation. *People v. Turner,* 644 P.2d 951 (Colo.1982). Likewise, probation is conditioned upon a sentence to the county jail as

part of the probationary term under § 16–11–202, C.R.S. (1985 Repl.Vol. 8).

■ We hold that where, as here, a trial court has accepted a defendant's plea agreement wherein the prosecution and defendant have stipulated to imposition of concurrent sentences, the court is obligated under the plea agreement either to impose only concurrent periods of incarceration or to grant only concurrent periods of probation.

Accordingly, defendant's sentences are ordered vacated and the cause is remanded for resentencing. The trial court, however, is not authorized, on resentencing, to impose any harsher penalty than that originally imposed. *See* § 18–1–409(3); *People v. Nix*, 44 Colo.App. 195, 610 P.2d 1088 (1980); *People v. Johnson*, 42 Colo.App. 350, 594 P.2d 601 (1979). Therefore, it shall resentence defendant to the Colorado Department of Corrections for concurrent terms not to exceed four years, plus one year of parole, as it originally did, and it shall stay execution of those sentences and grant defendant probation for concurrent terms not to exceed four years.

Should the court again determine that county jail sentences under § 16–11–202, C.R.S. (1985 Repl.Vol. 8) are an appropriate condition of probation, it may impose such sentences as *part* of the probation period, but these sentences must be concurrent and must not exceed ninety days for each offense. It should also reimpose the restitution it previously determined should be paid. Section 16–11–204.5(1), C.R.S. (1985 Cum.Supp.).

VAN CISE and STERNBERG, JJ., concur.