The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

William HUNTER, Defendant-Appellant.

No. 85CA0711.

Colorado Court of Appeals, Div. II.

Dec. 11, 1986.

Rehearing Denied Jan. 15, 1987.

Certiorari Granted (Hunter) June 8, 1987.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Cynthia A. Savage, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Linda A. Perkins, Frances S. Brown, Deputy State Public Defenders, Denver, for defendant-appellant.

SMITH, Judge.

Defendant, William Hunter, appeals the order of the trial court revoking his probation and imposing a sentence of four years imprisonment. Specifically, he contends that the court did not have jurisdiction to revoke his probation since the maximum term of probation to which he could legally be sentenced had expired. We affirm.

On November 26, 1979, defendant was sentenced to the Department of Corrections for nine years after entering a plea of guilty to second degree sexual assault, a class four felony. This sentence was suspended and defendant was placed on probation for a period of five years.

On October 12, 1984, a complaint was filed by the probation office alleging that defendant had violated the terms of his probation by committing a new criminal offense and recommending that a sentence to the Department of Corrections be imposed. The new offense with which defendant was charged was also second degree sexual assault in connection with an incident which occurred on August 1, 1984. After a hearing on the matter, defendant's probation was revoked, and he was sentenced to the Department of Corrections for a term of four years.

Defendant now contends that in imposing the original sentence the trial court made no findings of extraordinary aggravating circumstances and, therefore, was not authorized to impose a term of probation beyond the presumptive range of imprisonment for a class four felony, which would have been four years instead of five. Accordingly, he concludes that since the complaint alleging that he had violated the terms of his probation by committing a new crime was not filed until after four years had expired, the trial court was without jurisdiction to revoke his probation and impose a jail sentence. We disagree.

Section 16–11–101(1), C.R.S. (1986 Repl. Vol. 8A) provides that:

"Within the limitations of the *penalties* provided by the classification of the offense of which a person is found guilty, and subject to the provisions of this title, the trial court has the following alternatives in entering judgment imposing a sentence:

(a) The defendant may be granted probation unless the offense of which he is convicted makes him ineligible for probation...." (emphasis added)

Section 18–1–105, C.R.S. (1986 Repl. Vol. 8B) provides that the presumptive penalty

for a class four felony is two to four years *plus one year of parole.*

In *People v. Knaub,* 624 P.2d 922 (Colo. App.1980), which involved a misdemeanor charge, we held that the duration of a period of probation is limited to the maximum term of imprisonment specified for the statutory offense in question. In *Martinez v. Kirbens,* 710 P.2d 1138 (Colo.App. 1985), we noted that the underlying principle for this holding was that "since probation is a constructive confinement 'the restraints of probation cannot exceed ... the maximum term of imprisonment authorized by the statute violated'".

Defendant cites our recent case of *People v. Flenniken,* 720 P.2d 617 (Colo.App. 1986) as authority for the proposition that the trial court here imposed a sentence of probation in excess of the maximum presumptive range sentence.

It is true that in *Flenniken, supra,* we stated that:

"[T]he trial court made no findings of extraordinary aggravated circumstances which would authorize sentencing beyond the presumptive range. Thus, the maximum term of confinement could not exceed that authorized within the presumptive range, and accordingly, the maximum term of probation could not exceed 4 years on each count."

Based on that holding, we set aside two consecutive eight year terms of probation. However, the issue of whether the additional one year of parole was part of the presumptive sentence, effectively extending it to five years, was not involved and was neither raised nor considered in *Flenniken.* We consider that issue now, and insofar as our holding here is inconsistent with *Flenniken,* we view the language in *Flenniken* as incorrect and do not follow it.

■ The fact that a person has been released on parole in no way alters the fact that he is still under sentence; he is in legal custody, although that custody consists only of supervision. *People v. Mascarenas,* 666 P.2d 101 (Colo.1983); *People v. Salvador,* 189 Colo. 181, 539 P.2d 1273 (1975). Also § 17–2–207, C.R.S. (1986 Repl. Vol. 8A) provides that an offender on parole remains under the legal custody of the Department of Corrections and may be subject at any time to be returned to a correctional facility.

Thus, one who is on parole is granted a special privilege to be outside the walls of the institution while serving his sentence. At the same time such a parolee remains in constructive custody and is subject to be returned to the enclosure at any time. *Hutchison v. Patterson,* 267 F.Supp. 433 (D.Colo.1967).

■ Section 18–1–105, C.R.S. (1986 Repl. Vol. 8B) provides that the presumptive penalty for the class four felony for which Hunter was sentenced was two to four years *plus one year of parole.* We hold, therefore, that for the purpose of determining under § 16–11–101 whether the five year term of probation was within the limitation of the maximum authorized sentence, the effective maximum authorized sentence was five years—four years in actual confinement plus one year in constructive confinement.

Since probation is also constructive confinement, we conclude that the term of probation here was no more restrictive than that which could have been otherwise imposed. It was not therefore erroneous, and the defendant's probation was still in effect when it was revoked.

■ We concede that the original nine year sentence imposed on defendant was erroneous for lack of extraordinary aggravating findings, but the error is harmless inasmuch as that sentence was suspended and defendant was required to serve five years on probation, a term which we have here held to be proper, and his ultimate sentence after revocation of probation was only four years. This also was a proper sentence within the presumptive sentencing range.

Order affirmed.

STERNBERG and METZGER, JJ., concur.