The PEOPLE of the State of
Colorado, Petitioner,

v.

Eric FLENNIKEN, Respondent.

No. 86SC96.

Supreme Court of Colorado,
En Banc.

Jan. 11, 1988.

As Modified on Denial of Rehearing
Feb. 7, 1988.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Clement P. Engle, Asst. Atty. Gen., Denver, for petitioner.

R.D. Jorgensen, Pueblo, for respondent.

ROVIRA, Justice.

The People appeal a decision of the Colorado Court of Appeals, *People v. Flenniken*, 720 P.2d 617 (Colo.App.1986), which held that the defendant, Eric Flenniken, could not be sentenced, absent a finding of extraordinary aggravating circumstances, to a period of probation longer than the maximum sentence in the presumptive range for the crimes to which he pleaded guilty. The court of appeals also held that when the original sentence is reversed, the trial court cannot impose a harsher sentence on remand. We reverse the judgment of the court of appeals and return the case to that court with directions to remand

it to the district court for further proceedings consistent with this opinion.

## I.

In January of 1984, the Federal Bureau of Investigation notified the Pueblo Police Department that it had evidence that defendant, an officer of the First Colorado Bank of Pueblo, had stolen money from the bank. The Pueblo Police Department began its own investigation, but before any charges were filed the prosecution and defendant entered into a plea agreement, under the terms of which defendant pleaded guilty to two counts of theft, § 18-4-401(2)(c), 8 C.R.S. (1978). The plea agreement provided that defendant would receive concurrent sentences on the two counts.[1]

The trial court accepted the plea agreement and sentenced defendant to a term of four years imprisonment plus one year of parole on each count, with the sentences to run concurrently. The court then stayed execution of both sentences and placed the defendant on probation for sixteen years, eight years on each count with the terms to run consecutively. As a condition of probation, the court ordered the defendant to serve 180 days in the county jail (two consecutive terms of ninety days), and to make restitution in the amount of $43,680.

Defendant moved to modify the terms and conditions of probation on two grounds: First, that the court had calculated the amount of restitution incorrectly; and second, that the plea agreement required that the 90-day jail sentences run concurrently. The court modified the amount of restitution to $32,047.63, but let the consecutive jail sentences stand.

Defendant then filed a motion to correct an illegal sentence under Crim.P. 35(a). He once again argued that the two 90-day jail terms should run concurrently pursuant to the plea agreement. In addition he contended that since four years was the longest term of imprisonment to which he could have been sentenced under the plea agreement, absent any finding of extraordinary aggravating circumstances, the court had no authority to order a term of probation greater than four years on each count, to run concurrently. The motion was denied.

On appeal the defendant asserted the same errors in sentencing as he had asserted in his Rule 35(a) motion. The People conceded that the probation periods, as well as the 90-day jail terms, should have been ordered to run concurrently in accordance with the plea agreement. The People argued, however, that the trial court had the authority to impose an eight-year term of probation on each count. Finally, the People contended that the case should be remanded for resentencing to give the trial court an opportunity to either accept the plea agreement, including the sentence concession as correctly interpreted, or reject the plea agreement, in which case the trial court should allow the defendant to withdraw his guilty pleas, or to affirm his guilty pleas and stand ready to accept a sentence inconsistent with the plea agreement.

The Colorado Court of Appeals, relying on *People v. Knaub*, 624 P.2d 922 (Colo. App.1980), held that because probation is a statutory creation, the duration of probation must be no longer than the allowable term of confinement under the applicable statute. Accordingly, since the trial court made no findings of extraordinary aggravating circumstances which would authorize sentencing beyond the presumptive range, the maximum term of probation could not exceed four years on each count. It also held that the trial court erred in

---

1. Paragraph 3 of the plea agreement provided that:

   There is no agreement as to imposition of sentence in this matter, and whether or not the Defendant gets probation or receives a penal sentence is up to the Court. Should it become appropriate, the District Attorney agrees not to oppose the sentencing of the Defendant to Rocky Mountain Community Corrections. Should the Court impose probation, the terms and conditions of probation are totally up to the Court, including the amount of restitution to be made and under what circumstances said restitution would be made. However, the parties agree that any sentence imposed by the Court shall be concurrent.

imposing consecutive periods of probation and county jail terms contrary to the plea agreement. After vacating the defendant's sentence and remanding for resentencing, the court of appeals held that the defendant could not receive a harsher sentence on remand than he received originally, and thus directed that:

> [the district court] shall resentence defendant to the Colorado Department of Corrections for concurrent terms not to exceed four years, plus one year of parole, as it originally did, and it shall stay execution of those sentences and grant defendant probation for concurrent terms not to exceed four years.

*Flenniken,* 720 P.2d at 619.

We granted certiorari to consider whether the court of appeals erred in holding: (1) that the trial court could not impose a harsher sentence on remand when the original sentence is reversed, and (2) that a trial court is required to make findings of extraordinary aggravating circumstances when it imposes a term of probation which exceeds the maximum sentence in the presumptive range.

### II.

Before we consider the issue of whether the trial court is prohibited from imposing a harsher sentence on remand we must first consider whether the original sentence was an illegal sentence.

The criminal code's sentencing scheme and the history of that scheme help shed light on the structure of the law under which defendant was sentenced. Prior to 1971, each section of the criminal code which defined an offense also specified a sentence the court was required to impose. The penalty provision of the section defining larceny is typical: "Stealing from the person of another shall, upon conviction, be punished by imprisonment in the penitentiary for a term of not less than one year nor more than ten years." § 40–5–2(6), 1963 C.R.S.

Although such provisions mandated the imposition of a term of imprisonment, the criminal code also provided that:

When it shall appear to the satisfaction of the court that the ends of justice and the best interest of the public, as well as the defendant, will be best served thereby, the court shall have the power to suspend the imposition or execution of sentence for such period and upon such terms and conditions in conformity with this article as it may deem best. Such court, subject to the provisions of this article, may revoke or modify any condition of probation, or may change the period of probation.

§ 39–16–6(1), 1963 C.R.S.

That grant of authority to suspend a term of imprisonment "was conceptually necessary because probation was not expressly within statutory sentencing alternatives. Therefore, to grant probation a sentencing court had to suspend imposition or execution of the statutorily mandated sentence." *People v. District Court,* 673 P.2d 991, 996 n. 6 (Colo.1983).

The criminal code was substantially rewritten in 1971 and 1972, and the legislature provided options under which imprisonment and probation were among alternative sentences from which a court could choose. Ch. 121, sec. 1, § 40–1–303(1), 1971 Colo.Sess.Laws 388, 393; Ch. 44, sec. 1, § 39–11–101 to –212, 1972 Colo.Sess. Laws 190, 239–48. The law as codified at the time of defendant's crimes was substantially the same as in 1972, and provided that:

**Alternatives in sentencing.** (1) Within the limitations of the penalties provided by the classification of the offense of which a person is found guilty, and subject to the provisions of this title, the trial court has the following alternatives in entering judgment imposing a sentence:

(a) The defendant may be granted probation unless the offense of which he is convicted makes him ineligible for probation....

(b) Subject to the provisions of section 18–1–105, C.R.S., in class 2, class 3, class 4, and class 5 felonies, the de-

fendant may be sentenced to imprisonment for a definite period of time.

.    .    .    .    .    .

§ 16–11–101, 8A C.R.S. (1986).

Because the new sentencing scheme did not require that offenders be sentenced to imprisonment, it was unnecessary to grant judges authority to suspend the imposition or execution of such a sentence in order to place an offender on probation. The provision granting judges such power was therefore repealed. *See* Ch. 44, sec. 1, § 39–11–101 to –212, 1972 Colo.Sess.Laws 190, 239–48; *People v. District Court,* 673 P.2d at 995–96 & n. 6 (under law after 1972, judge has no authority to suspend sentence, then impose term of probation).

■ The trial court's action in imposing a sentence to imprisonment, suspending that sentence, then sentencing defendant to a term of probation violates section 16–11–101. The order of the court of appeals requiring the trial court to impose a similar sentence on remand also violates section 16–11–101. The sentence is, therefore, illegal in light of the the principles announced in *People v. District Court.*

Defendant urges us to limit *People v. District Court* to the unique facts of that case, in which we found that the trial court had attempted to "circumvent legislative dictates" by expressly rejecting probation, then "sentencing within prescribed parameters, suspending the sentence, and then imposing conditions which are authorized only in connection with probation." *People v. District Court,* 673 P.2d at 996. Our justification for finding the sentence illegal was not that an attempt was made to circumvent the sentencing law, but rather that there was no statutory authority permitting a court to suspend execution of a sentence to imprisonment. As we noted in our opinion: "Defining crimes and prescribing punishments are legislative prerogatives. A court may not impose a sentence that is inconsistent with the terms specified by statutes." 673 P.2d at 995.

■ Because the trial court had no authority under the sentencing statute to impose the sentence at issue here, it is immaterial whether defendant is correct in asserting that the trial court always intended to reject imprisonment in favor of a term of probation.

The original sentence was illegal and therefore void. The trial court may, as a consequence, impose any sentence on remand that is consistent with the criminal code—and of course, consistent with the plea agreement if the court chooses to accept the agreement—regardless of whether the sentence is more severe than that originally imposed. As we pointed out in *People v. District Court,* 673 P.2d 991, 997 (Colo.1983), "[g]ranting defendants a right to benefit from illegal sentences serves no sound public policy."

### III.

The court of appeals held that the trial court could not fix a term of probation longer than the maximum sentence in the presumptive range absent a finding of extraordinary aggravating circumstances. The court reasoned,

Because probation is purely a statutory creation, the duration of probation must be no longer than the allowable term of confinement under the applicable statute. *People v. Knaub,* 624 P.2d 922 (Colo. App.1980). And, under the applicable sentencing scheme, unless the court determines that there are extraordinary aggravating circumstances, the sentence it may impose for a class 4 felony may not exceed 4 years.

*People v. Flenniken,* 720 P.2d 617, 618 (Colo.App.1986). We disagree.

Defendant pleaded guilty to two counts of class 4 felony theft. At the time of the commission of the crimes, the maximum sentence in the presumptive range for class 4 felonies was four years. § 18–1–105(1)(a)(I), 8B C.R.S. (1986). The statute also provided that a court could impose a sentence of incarceration up to twice the maximum in the presumptive range, or eight years for a class 4 felony, if it concluded that there were extraordinary aggravating circumstances. § 18–1–105(6), 8B C.R.S. (1986). In cases in which the court imposed a sentence beyond the pre-

sumptive range, it was required to "make specific findings on the record of the case, detailing the specific extraordinary circumstances which constitute the reasons for varying from the presumptive sentence." § 18–1–105(7), 8B C.R.S. (1986).

The court of appeals did not adopt defendant's argument that a term of probation can never exceed the maximum presumptive sentence for a particular crime, but held that absent a finding of extraordinary aggravated circumstances the trial court could not impose a term of probation greater than four years on each count.

We believe that the permissible probationary term must be determined without reference to the presence or absence of extraordinary aggravating circumstances. Probation by its very nature is imposed only when substantial mitigating factors exist. *See generally* § 16–11–203, 8A C.R.S. (1986). It thus makes no sense to look for extraordinary aggravating circumstances to justify a term of probation beyond the presumptive range of imprisonment. To the extent that the court of appeals' opinion may be read as authorizing a term of "aggravated probation" upon such findings, it is incorrect. We also do not agree with the conclusion that the defendant asks us to draw: that a term of probation is absolutely limited to the maximum presumptive term of imprisonment.

The sentencing scheme under the criminal code permits a court to choose between a sentence of imprisonment and a sentence of probation. A sentence to imprisonment is governed by Article 11, Part 3 of Title 16 of the statutes, and is expressly subject to the limitations on the length of imprisonment set out in section 18–1–105. *See* §§ 16–11–101(1)(b) & –302, 8A C.R.S. (1986).

A sentence to probation, however, is governed only by Article 11, Part 2 of Title 16. The section authorizing probation states: "the court may grant the defendant probation for such period and upon such terms and conditions as it deems best." § 16–11–202, 8A C.R.S. (1986). Neither that section nor section 16–11–101(1)(a) (listing probation as an alternative sentence) expressly refers to section 18–1–105 as limiting the period of probation that may be ordered.[2]

Although we acknowledge that the general, introductory language of section 16–11–101[3] might be read as imposing the limitations of section 18–1–105 on probation terms, such a reading would render the express limitations in sections 16–11–101(1)(b) and 16–11–302 mere surplusage. We therefore decline to adopt the interpretation suggested by defendant.

In addition, there are sound policy reasons for not limiting a term of probation to the maximum presumptive term of incarceration authorized by statute. Although incarceration is primarily punitive, probation is primarily rehabilitative. There is no reason to believe that the legislature's judgment concerning an appropriate term of punishment by imprisonment was intended to fix, or is even related to, the term of probation that may be required to rehabilitate the offender. There may be many cases in which the goals of probation simply cannot be achieved within the time constraints the legislature has placed on imprisonment. Accordingly, we conclude that the maximum sentence in the presumptive range as set out in section 18–1–105 does not establish the maximum period of probation to which a defendant may be sen-

**2.** Moreover, it is apparent from the history of the statute that the legislature deliberately chose not to impose an express limitation on the permissible length of probation. Prior to 1972, the statute provided that "[t]he period of probation, together with any extension thereof, shall not exceed five years [or one year if the crime was a misdemeanor]." § 39–16–6(1), 1963 C.R.S. That limitation was deleted in the 1972 changes. Ch. 44, sec. 1, § 39–11–101 to –212, 1972 Colo. Sess.Laws 190, 239–48.

**3.** Within the limitations of the penalties provided by the classification of the offense of which a person is found guilty, and subject to the provisions of this title, the trial court has the following alternatives in entering judgment imposing a sentence....
§ 16–11–101(1), 8A C.R.S. (1986).

tenced.[4]

The judgment of the court of appeals is reversed, and the case remanded to the court of appeals for remand to the district court. Upon remand, the district court may accept the plea agreement and resentence defendant or reject the plea agreement and offer the defendant an opportunity to withdraw his pleas.

4. In *People v. Knaub*, 624 P.2d 922 (Colo.App. 1980), the court of appeals held that a term of probation may not exceed the maximum term of imprisonment that may be imposed for a particular offense. In *Knaub*, defendant was sentenced upon his plea of guilty to one class 2 misdemeanor and one class 1 petty offense. The penalties for misdemeanors and petty offenses are not stated in terms of presumptive sentence ranges, and the provision for sentencing on the basis of extraordinary aggravating or mitigating factors does not apply to misdemeanors or petty offenses. *See* §§ 18-1-105(6), -106 & -107, 8B C.R.S. (1986 & 1987 Supp.). The court of appeals' reliance on *Knaub* as limiting the term of probation to the maximum *presumptive* sentence absent a finding of extraordinary aggravating circumstances was therefore misplaced.

The terms of probation to which defendant was sentenced were each within the maximum term of imprisonment in the aggravated range for class 4 felonies under section 18-1-105(1)(a)(I) and -105(6), 8B C.R.S. (1986). We thus are not faced with—and therefore do not address—the question of whether a term of probation may exceed the maximum sentence in the aggravated range for the offense for which a defendant is sentenced.