William HUNTER, Petitioner,

v.

The PEOPLE of the State of
Colorado, Respondent.

No. 87SC61.

Supreme Court of Colorado,
En Banc.

July 11, 1988.

David F. Vela, Colorado State Public Defender, Linda Perkins, Kathleen Lord, Deputy State Public Defenders, Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Cynthia D. Savage, Asst. Atty. Gen., Denver, for respondent.

ROVIRA, Justice.

Petitioner William Adrian Hunter pleaded guilty in 1979 to one count of second-degree sexual assault, a class 4 felony. § 18–3–403, 8 C.R.S. (1978). On November 26, 1979, the court sentenced Hunter to a 9-year term of imprisonment, suspended the sentence, then placed Hunter on probation for 5 years.[1] One condition of Hunter's probation was that he not violate any state laws. On October 12, 1984, Hunter's probation officer filed a complaint alleging that Hunter committed another sexual assault in August 1984, approximately 4 months before his term of probation was to expire.[2]

---

1.  We agree with the court of appeals that the initial sentence to 9 years of imprisonment was excessive since the court made no findings of extraordinary aggravating circumstances. *People v. Hunter*, 738 P.2d 20, 22 (Colo.App.1987); § 18–1–105(6), (7), 8B C.R.S. (1986). In addition, the court was without authority to impose a term of imprisonment greater than the statutory maximum of 8 years plus 1 year of parole even had it made findings of such circumstances. *See* § 18–1–105(1)(a)(I), 8B C.R.S. (1986). Finally, the court was without statutory authority to suspend the prison sentence it imposed so

as to place Hunter on probation. *People v. Flenniken*, 749 P.2d 395, 497–98 (Colo.1988); *People v. District Court*, 673 P.2d 991, 995–96 n. 6 (Colo.1983). It is manifest from the record of the 1979 sentencing hearing that the court intended solely to impose a term of probation, however, and we therefore regard any defects in the term of imprisonment and its subsequent suspension as harmless.

2.  Hunter was convicted of second-degree sexual assault in Fremont County on October 1, 1984,

Following a hearing, the trial court determined that the prosecution proved beyond a reasonable doubt that Hunter had committed the second sexual assault. The court ordered Hunter's probation revoked and sentenced Hunter to a 4–year term of imprisonment.[3]

On appeal, Hunter contended that the 1979 sentencing court was without jurisdiction to impose a term of probation that exceeded the maximum term of imprisonment in the presumptive range to which he could have been sentenced. At the time Hunter committed the first sexual assault, the presumptive range for a class 4 felony was a sentence to imprisonment of 2 to 4 years plus 1 year of parole, and the maximum sentence in the aggravated range was 8 years plus 1 year of parole. § 18–1–105, 8B C.R.S. (1986). Because the court could not sentence Hunter to a term of probation longer than 4 years, Hunter argued, the court was without jurisdiction to revoke his probation and to impose a jail sentence for a crime committed 4 years and 8 months after he was sentenced to probation.

The court of appeals disagreed, reasoning that:

> [T]he five year term of probation was within the maximum authorized sentence, the effective maximum authorized sentence was five years—four years in actual confinement plus one year [of parole].

*People v. Hunter,* 738 P.2d 20, 22 (Colo. App.1987). The court of appeals therefore affirmed Hunter's sentence.

■ Although we agree with the result reached by the court of appeals, we base our decision on a different analysis.[4] In *People v. Flenniken,* 749 P.2d 395 (Colo. 1988), we rejected the fundamental premise of Hunter's argument—and the court of appeals' opinion—in holding that:

> [T]he maximum sentence in the presumptive range as set out in section 18–1–105 does not establish the maximum period of probation to which a defendant may be sentenced.

749 P.2d at 399–400 (footnote omitted). We did not determine the outer limit of a sentencing court's authority to impose probation in *Flenniken, see* 749 P.2d at 400 n. 4, but we decided that a court may sentence a defendant to a term of probation that does not exceed the maximum term of imprisonment in the aggravated range for the crime committed.

Here, the sentencing court acted well within its authority in sentencing Hunter to a 5–year term of probation on his plea of guilty to a crime for which he could have received an 8–year prison term plus 1 year of parole. Accordingly, the judgment of the court of appeals is affirmed.

---

and was given a 2–year deferred sentence for that conviction.

3. Section 16–11–206(5), 8A C.R.S. (1986) provides:

> If the court determines that a violation of a condition of probation has been committed, it shall, within five days after [the revocation] hearing, either revoke or continue the probation. If probation is revoked, the court may then impose any sentence or grant any probation pursuant to the [sentencing] provisions of this part 2 which might originally have been imposed or granted.

4. We originally granted certiorari on the following issues:

> 1. Whether the court of appeals erred in declining to follow its prior decision in *People v. Flenniken,* 720 P.2d 617 (Colo.App.1986),

*cert. granted,* June 3, 1986 (No. 86SC96), that the maximum term of probation may not exceed the presumptive range of sentencing for the applicable offense absent a finding of aggravating circumstances.

> 2. Whether one additional year of parole is part of the presumptive sentence under section 18–1–105(1)(a)(I), 8B C.R.S. (1986), effectively extending the maximum available term of probation to the presumptive range of penalty for the applicable offense plus one year.

Our resolution of the first issue is dictated by our decision in *People v. Flenniken,* 749 P.2d 395 (Colo.1988), and in light of *Flenniken* we need not address the second issue.