The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

David Andrew HERR, Defendant–Appellant.

No. 91CA1099.

Colorado Court of Appeals, Div. III.

June 17, 1993.

Rehearing Denied Aug. 5, 1993.

Certiorari Denied March 14, 1994.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Virginia Byrnes Horton, Sp. Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Nancy J. Lichtenstein, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge ROTHENBERG.

Defendant, David Andrew Herr, appeals a judgment of conviction entered on a jury verdict finding him guilty of possession of cocaine. We affirm the judgment. However, because we also conclude that the minimum period of probation to which a defendant may be sentenced is not governed by § 18–1–105, C.R.S. (1986 Repl.Vol. 8B), we vacate the sentence, and remand the cause for further sentencing proceedings.

The defendant was stopped for a traffic violation while driving in Jefferson County. The discovery of an outstanding arrest warrant resulted in his being placed in custody and transported to the county jail. During an inventory search of his personal belongings, two packages containing cocaine were discovered in his wallet.

### I.

Defendant contends that numerous instances of prosecutorial misconduct during the trial deprived him of a fair trial and require reversal of his conviction. We disagree.

The defendant raised no objections to the conduct he now complains was prejudicial to him. Accordingly, his argument must be considered under a plain error standard of review. *See* Crim.P. 52(b).

Under this standard, reversal is required only if, after reviewing the record, we may say with fair assurance that the prosecutorial misconduct so undermined the basic fairness of the trial itself as to cast serious doubt on the reliability of the judgment of conviction. *Wilson v. People*, 743 P.2d 415 (Colo.1987).

### A.

Defendant first maintains that remarks made by the prosecutor during her cross-examination of him with respect to his pre-arrest silence were impermissible references to the invocation of his Fifth Amendment

right to remain silent. We disagree that reversal is required.

 The privilege against compulsory self-incrimination as guaranteed by the Fifth Amendment allows an accused to remain silent during his criminal trial and prevents the prosecution from commenting on the election to remain silent. Similarly, any comments by the prosecutor regarding a defendant's pre-arrest silence should be avoided. *People v. Mares,* 705 P.2d 1013 (Colo. App.1985). However, even if a prosecutor introduces the subject of pre-arrest silence, reversible error exists only under circumstances in which the prosecutor uses the defendant's silence as a means of implying guilt. *People v. Ashton,* 661 P.2d 291 (Colo. App.1982).

 Here, although we agree the comments should not have been made, they were brief and were not repeated during the prosecutor's summation. *See People v. Ashton, supra.* Further, the prosecutor's questions were not used as a means of implying guilt. Rather, they were asked in an attempt to impeach the defendant's testimony regarding his lack of knowledge of what was contained within the two packages. Thus, under these circumstances, the questions did not so prejudice the defendant or undermine the fundamental fairness of the trial as to cast doubt on the reliability of the jury's verdict.

## B.

Defendant next argues that the prosecutor injected inflammatory issues in the proceedings during the evidentiary stages of the trial by asking questions during cross-examination of a defense witness about the defendant's six-year-old son. Defendant complains that the questions were irrelevant to the issues and calculated to appeal to the jury's emotions. Again, we find no reversible error.

 It is improper for the prosecutor to inject issues broader than guilt or innocence through comments designed to inflame the jury. *People v. Ashton, supra.* Here, however, the line of questioning was very brief and, in our view, it did not affect the overall fairness of the trial.

## C.

 Defendant next argues that the prosecutor's questions implying the defendant had been involved in the illegal sale of a car were improper because they suggested he had criminal propensities. Once again, we agree the questions were improper but do not require reversal.

Cross-examination should be liberally permitted to allow a thorough inquiry into the motive of witnesses. And, a defendant who testifies is subject to a full inquiry on cross-examination on issues of credibility. *People v. Ibarra,* 849 P.2d 33 (Colo.1993). Despite the latitude allowed on cross-examination, however, the prosecutor should avoid questions which imply that defendant has committed other, uncharged offenses.

Here, since the defendant fully explained the situation with the car and explained why he had not committed an illegal act, we find no plain error.

## D.

Defendant next maintains that several statements made by the prosecutor during closing argument require reversal. Although we agree that certain remarks exceeded the bounds of proper argument, again, we conclude that plain error did not occur here.

 In closing argument, counsel is entitled to argue all reasonable inferences from the facts in evidence, *People v. Constant,* 645 P.2d 843 (Colo.1982), *cert. denied,* 459 U.S. 832, 103 S.Ct. 73, 74 L.Ed.2d 72 (1982), and may, with propriety, comment on how well and in what manner a witness measures up to the tests of credibility set forth in the instructions. *People v. Lucero,* 677 P.2d 370 (Colo.App.1983), *cert. dismissed,* 706 P.2d 1283 (Colo.1985).

 However, it is improper for a prosecutor to inject issues broader than guilt or innocence which may inflame the passions of the jury or encourage the jury to base its verdict on prejudice or sympathy. *People v. Adams,* 708 P.2d 813 (Colo.App.1985). And, it is not proper for a prosecutor to interject his or her personal belief as to the veracity of

a defendant's testimony. *Wilson v. People, supra.*

■ We agree with the defendant that the prosecutor's remark that the defendant "lied" during his testimony was inappropriate as were the comments alluding to the defendant's friends' familiarity with cocaine. Nevertheless, while we do not condone this conduct, the comments do not require reversal of defendant's conviction.

The improper comments were isolated ones made during a very lengthy summation, and we conclude that they could not have affected the verdict. *See People v. Carrier,* 791 P.2d 1204 (Colo.App.1990). Also, the trial court instructed the jury that issues of credibility were for the jury to determine. We presume the court's instruction was understood and heeded.

Although we do not minimize these errors, under the particular circumstances of this case, we also conclude that their cumulative effect does not require reversal.

## II.

Defendant next contends that the compulsory joinder statute prohibited the prosecution of the drug charge. Again, we disagree.

With regard to the traffic violation for which defendant was originally stopped, the record reflects that, in December 1990, before the defendant was tried on the drug charge, a default judgment for failure to appear was entered on the speeding ticket. Then, in January 1991, the speeding charge was dismissed by the district attorney and the default judgment was set aside. In light of these events, defendant claims there was a prosecution against him for speeding based upon the same criminal episode involving the drug offense.

■ Section 18–1–408(2), C.R.S. (1986 Repl.Vol. 8B), the statutory compulsory joinder provision, provides:

> If the several offenses are known to the district attorney at the time of commencing the prosecution and were committed within his judicial district, all such offenses upon which the district attorney elects to proceed must be prosecuted by separate counts in a single prosecution if they are based on the same act or series of acts arising from the same criminal episode. Any offense not thus joined by separate count cannot thereafter be the basis of a subsequent prosecution.

The purpose of this provision is to protect an accused against multiple prosecutions based on conduct arising during the same criminal episode. *People v. Wright,* 742 P.2d 316 (Colo.1987).

■ Each of the following elements must be satisfied in order for the bar to apply to a subsequent prosecution: (1) the several offenses must be committed within the same judicial district; (2) there must be a prosecution against the offender; (3) there must be prosecutorial knowledge of the several offenses at the commencement of the prosecution; (4) the several offenses must arise from the same criminal episode; and (5) the offender previously must have been subjected to a single prosecution. *Corr v. District Court,* 661 P.2d 668 (Colo.1983).

We conclude that the trial court properly denied the motion to dismiss for two reasons.

■ First, the compulsory joinder statute does not bar a subsequent prosecution when the district attorney does not participate in the decision to prosecute the different offenses. *Williamsen v. People,* 735 P.2d 176 (Colo.1987). That is the case here.

■ Here, the traffic infraction was initially disposed of in county court by a traffic referee without the involvement of the district attorney. Thus, under *Williamsen,* the subsequent prosecution was not barred. Moreover, contrary to defendant's claim, the record affirmatively shows that the district attorney was not an active participant with respect to the prosecution of the speeding charge.

■ Secondly, we disagree that the speeding charges here arose from the same criminal episode.

In *Corr v. District Court, supra,* the defendant was arrested for driving under the influence of alcohol. In searching Corr's pockets incident to the arrest, police seized a bag

containing marijuana concentrate. Our supreme court stated that:

> Because the charge of possession of a marijuana concentrate involved an act which occurred at practically the same time and in the same place as the offenses of speeding and driving under the influence, the marijuana charge arose out of the same criminal episode as those other offenses for purposes of the compulsory joinder statute.

*Corr v. District Court, supra,* at 674.

In contrast here, the seizure of the drugs was not incident to defendant's stop for traffic and did not occur "at practically the same time and the same place" as the traffic offense. *Corr v. District Court, supra.* Rather, the seizure of drugs resulted from a later inventory search which was based upon an outstanding warrant that had been previously issued for defendant.

### III.

Finally, defendant contends the court erred in increasing defendant's three-year probationary term. We agree that the sentence must be vacated.

At defendant's sentencing hearing, the court initially imposed a three-year term of probation. However, the prosecutor then advised the court that the three-year sentence was illegal because the statutory sentencing range for defendant's class 3 felony offense was 4 to 16 years, *see* § 18–1–105(1)(a)(IV), C.R.S. (1986 Repl.Vol. 8B), and could not be imposed absent a finding of mitigating circumstances. The court found no mitigating circumstances and increased defendant's probationary term to four years without further findings.

Sentences to imprisonment are governed by § 16–11–301, et seq., C.R.S. (1986 Repl. Vol. 8A) and are expressly subject to the limitations on the length of imprisonment set out in § 18–1–105, C.R.S. (1986 Repl.Vol. 8B). In contrast, a sentence to probation is governed only by § 16–11–201, et seq., C.R.S. (1986 Repl.Vol. 8A). Section 16–11–202, C.R.S. (1986 Repl.Vol. 9A) provides that a court may grant probation for "such period" as it deems best. There is no language

in this section which expressly refers to § 18–1–105 or puts time limits on the period of probation which may be ordered by the court. *People v. Flenniken,* 749 P.2d 395 (Colo.1988).

*People v. Martinez,* 844 P.2d 1203, 1205 (Colo.App.1992) held that, based on rules of statutory construction and the holding in *People v. Flenniken, supra,* the maximum incarceration limitations in § 18–1–105, C.R.S. (1986 Repl.Vol. 8B) do not apply to sentences to probation. The reasoning in *Martinez* and *Flenniken* is equally applicable to a case involving a minimum sentence.

In summary, we hold that the minimum sentences as set out in § 18–1–105, C.R.S. (1986 Repl.Vol. 8B) do not establish the minimum period of probation to which a defendant may be sentenced. And, because the trial court erroneously assumed defendant's sentence to probation had to be at least 4 years, the case must be remanded for further sentencing proceedings.

The judgment is affirmed, the sentence is vacated, and the cause is remanded for further sentencing proceedings consistent with the views expressed herein.

TURSI and JONES, JJ., concur.