**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 2, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

NORMAN RAY REED, JR.,

     Plaintiff-Appellant,

v.

DAVID MICHAUD; JOHN
SUTHERS; MICHAEL ANDERSON;
DEBORAH ALLEN; TOM WATERS;
TIM HAND; JOE THISSALWOOD;
DAVID RILEY, all in their
professional and individual capacities,

     Defendants.

No. 12-1292
(D.C. No. 1:12-CV-00068-LTB)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **McKAY** and **HOLMES**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to honor the plaintiff's request for a decision on the briefs without

oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The defendants

in this action have never been served. The case is, therefore, submitted without

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

oral argument.

I.

Norman Ray Reed, Jr. (Reed), a Colorado state prisoner, appeals pro se the district court's order dismissing his 42 U.S.C. § 1983 complaint and seeks leave to appeal in forma pauperis (IFP). In his amended complaint, Reed alleges that the Colorado Parole Board and various state officials improperly found him in violation of parole conditions that prohibit use of alcohol or illegal drugs in disregard of his status as a registered medical marijuana patient under Colorado law. R. Vol. I, at 156–64; see Colo. Const. art. XVIII, § 14. Reed additionally alleges that he was not allowed to present a defense during his parole hearing and that he was coerced into waiving his Colorado constitutional rights. R. Vol. I, at 152, 154. Reed argues the Parole Board's determination violated his constitutional rights to "equal protection of the laws, [d]ue [p]rocess, [d]eliberate [i]ndifference, and 6th amendment right to have a fair opp[o]rtunity via court/att[orney]/[j]ury to see if any [f]ederal law actually was violated." Id. at 153.

Noting that Reed's claims necessarily implied the invalidity of the Parole Board's finding that Reed had violated his parole, the district court concluded Heck v. Humphrey, 512 U.S. 477 (1994), barred Reed's claims. R. Vol. I, at 174. The district court additionally concluded that "it appear[ed to be] within the authority of the parole board to impose the conditions of parole to which Mr.

2

Reed objects." Id. at 173. Accordingly, the district court sua sponte dismissed Reed's § 1983 claims pursuant to 28 U.S.C. § 1915. § 1915(e)(2) (requiring a court to dismiss when the court determines that the action or appeal is "frivolous or malicious" or "fails to state a claim on which relief may be granted."); R. Vol. I, at 171–72.

In a motion seeking reconsideration of the dismissal of his § 1983 action, Reed stated that he has fully served his sentence imposed for the parole violation at issue here. R. Vol. I, at 177 (citing Reed's release date as May 29, 2010, for Reed's parole violation). At the time the district court dismissed Reed's claims as barred by Heck, Reed had been instead re-incarcerated for failure to register as a sex offender. See id. at 6, 181.

In its denial of the motion to reconsider, the district court found that reconsideration was inappropriate because "Reed indicated [in the amended complaint] that he was incarcerated based on his parole revocation for use of medical marijuana." Id. at 211. Accordingly, that claim was the focus of the court's dismissal under Heck. The district court went on to find that nothing in Plaintiff's motion warranted reconsideration of its prior order. The court noted that Reed's newfound argument asserting only a general challenge to the constitutionality of state "parole procedures" and "parole suitability" would render his prior "attack on his parole revocation for medical marijuana use moot." Id. at 178, 211. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

II.

We review de novo a district court's § 1915(e)(2) dismissal of a complaint for failure to state a claim, accepting the allegations as true and viewing them in the light most favorable to the plaintiff. See Kay v. Bemis, 500 F.3d 1214, 1217 (10th Cir. 2007). Because Reed filed his complaint pro se, we construe his pleadings liberally. See Bear v. Patton, 451 F.3d 639, 641 (10th Cir. 2006).

In Heck, the Court held

that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

Heck, 512 U.S. at 486–87 (footnote omitted). This court has previously held that "when the concerns underlying Heck exist," the principles of Heck should apply. Beck v. City of Muskogee Police Dep't, 195 F.3d 553, 557 (10th Cir. 1999) (finding that such concerns include "claims that would necessarily imply the invalidity of any conviction.").

[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck, 512 U.S. at 487.

4

## III.

Regardless of whether the <u>Heck</u> bar applies, we agree with the district court that dismissal was warranted because Reed's amended complaint failed to state a claim in light of the Parole Board's authority to require parolees to abide by rules it enumerates. R. Vol. I, at 172–73 (citing Colo. Rev. Stat. § 17-2-201(5)(f)(I)(H)–(I) ("As a condition of every parole, the parolee shall sign a written agreement that contains such parole conditions as deemed appropriate by the board, which . . . include . . . [t]hat the parolee shall not abuse alcoholic beverages or use illegal drugs while on parole.")).

Reed does not contest that he tested positive for tetrahydrocannabinol (THC), an ingredient in marijuana, nor does he contest the Board's authority to impose general drug and alcohol restrictions on parolees. <u>Id.</u> at 152; <u>see</u> <u>United States v. Spann</u>, 515 F.2d 579, 582 (10th Cir. 1975). Rather, he argues that his status as a registered medical marijuana patient under Colorado law creates a constitutional right to use medical marijuana and a defense against imposition of this parole restriction. R. Vol. I, at 156–57. <u>Cf.</u> <u>Beinor v. Indus. Claim Appeals Office</u>, 262 P.3d 970, 976 (Colo. App. 2011).

Under Colorado law, "one who is on parole is granted a special privilege to be outside the walls of the institution while serving his sentence[;] . . . such a parolee remains in constructive custody and is subject to be returned to the enclosure at any time." <u>People v. Hunter</u>, 738 P.2d 20, 22 (Colo. App. 1986);

5

Colo. Rev. Stat. § 17-2-207. The conditions of that parole are governed by statute, including "obey[ing] all state and federal laws and municipal ordinances" and "any other condition the board may determine to be necessary." Colo. Rev. Stat. § 17-2-201(5)(f)(I)(C), (I); see 21 U.S.C. § 844(a) (criminalizing possession of a controlled substance). In light of the above, Reed has failed to sufficiently state a claim for which relief may be granted. See People v. Watkins, 282 P.3d 500, 503–04, 506 (Colo. App. 2012) (finding that federal prohibition on the use and possession of medical marijuana constituted an "offense" under probation regardless of Colorado's medical marijuana constitutional amendment).

IV.

We AFFIRM the district court's dismissal of Reed's claims under 28 U.S.C. § 1915(e)(2) and the denial of Reed's motion for reconsideration. We DENY Reed's motion to proceed in forma pauperis and remind him of his obligation to pay the filing and docket fees in full to the clerk of the court. See Kinnell v. Graves, 265 F.3d 1125,1129 (10th Cir. 2001).

Entered for the Court

Mary Beck Briscoe
Chief Judge