1
 2025 CO 10 Bradford Wayne Snedeker, Petitioner: v. The People of the State of Colorado. Respondent: No. 23SC511
Supreme Court of Colorado, En Banc
March 3, 2025
 
          C.A.R.
 49 & 50 Certiorari to the Colorado Court of Appeals
 
 
           Court
 of Appeals Case Nos. 21CA399 & 23CA1025
 
 
          
 Attorneys for Petitioner (21CA399):
 
 
          
 Alderman Law Firm
 
 
          
 Kimberly Alderman Penix
 
 
          
 Chelsey Bradley
 
 
           Fort
 Collins, Colorado
 
 
          
 Attorneys for Petitioner (23CA1025):
 
 
           Law
 Office of Victor T. Owens
 
 
           Victor
 T. Owens
 
 
          
 Parker, Colorado
 
 
          
 Attorneys for Respondent (21CA399 & 23CA1025):
 
 
           Philip
 J. Weiser, Attorney General
 
 
           Trina
 K. Kissel, Senior Assistant Attorney General & Assistant
 Solicitor General
 
 
          
 Denver, Colorado
 
 2
 
          
 JUSTICE BOATRIGHT delivered the Opinion of the Court, in
 which CHIEF JUSTICE MARQUEZ, JUSTICE HOOD, JUSTICE GABRIEL,
 JUSTICE HART, and JUSTICE SAMOUR joined. JUSTICE BERKENKOTTER
 did not participate.
 
 
          
 OPINION
 
 
          
 BOATRIGHT, JUSTICE
 
 3
 
          ¶1
 Bradford Wayne Snedeker was convicted of various fraud and
 theft charges in two separate Boulder County District Court
 cases. In the first case, People v. Snedeker, No.
 13CR1903 (Dist. Ct., Boulder Cnty.) ("Fraud
 Case"),[1] the district court sentenced Snedeker to a
 four-year prison term on two securities fraud counts, along
 with a consecutive one-year term of work release plus twenty
 years of economic crimes probation on two theft counts. In
 the second case, People v. Snedeker, No. 13CR1678
 (Dist. Ct., Boulder Cnty.) ("Theft Case"), the
 district court sentenced Snedeker to fifteen years of
 economic crimes probation for a theft conviction to run
 concurrently with the Fraud Case sentence. After Snedeker had
 completed the prison term of his Fraud Case sentence and was
 serving probation, we announced Allman v. People,
 2019 CO 78, ¶¶ 3, 40, 451 P.3d 826, 828, 835, in
 which we held that a court may not sentence a defendant to
 imprisonment for one offense and probation for a different
 offense in the same case. The People then moved to revoke
 Snedeker's probation, at which point he argued that his
 sentences were illegal under Allman. The district
 court recognized that Snedeker's Fraud Case sentence was
 illegal, and it ordered resentencing; however, as to the
 Theft
 
 4
 
 Case, the court found that Allman did not apply to
 sentences in separate cases. Ultimately the court resentenced
 Snedeker to concurrent sentences of prison in the Theft Case
 and probation in the Fraud Case.
 
 
          ¶2
 In People v. Snedeker, 2023 COA 46, ¶¶ 1,
 17, 535 P.3d 128, 129, 132, a division of the court of
 appeals reviewed the Fraud Case and affirmed the district
 court's resentencing decision. Snedeker then petitioned
 this court for review.[2] Snedeker now argues that (1) when a court
 vacates a defendant's prison-plus-probation sentence to
 comply with Allman and the defendant has already
 served the prison portion of the sentence, a resentencing
 that reimposes the original probationary sentence still
 violates Allman; and (2) when a court imposes
 concurrent prison and
 
 5
 
 probationary sentences at a joint sentencing hearing for
 charges stemming from separate cases, this also violates
 Allman.
 
 
          ¶3
 We first hold that when a sentence is illegal under
 Allman and a defendant has already served the prison
 portion of the sentence, the court has the authority to
 reimpose a probationary term because probation remains a
 legal sentencing option at resentencing. Accordingly, we
 conclude that it was permissible for the district court to
 resentence Snedeker to twenty years of probation with credit
 for four years of time served. Next, we hold that it does not
 violate Allman for a court to sentence a defendant
 to imprisonment in one case and probation in a
 separate case. Thus, we affirm both the court of
 appeals' judgment that the district court's sentence
 was proper in the Fraud Case and the district court's
 resentencing in the Theft Case.
 
 
          I.
 Facts and Procedural History
 
 
          ¶4
 In the Fraud Case, a jury found Snedeker guilty of two counts
 of securities fraud and two counts of theft.[3] The district
 court then sentenced Snedeker to four
 
 6
 
 years of imprisonment on the securities fraud counts, and a
 consecutive one-year term of work release with twenty years
 of economic crimes probation on the theft counts. Later, in
 the Theft Case, Snedeker pleaded guilty to one count of
 theft-$20,000 or more. The court sentenced him to fifteen
 years of economic crimes probation, and it ordered the
 sentence to run concurrently with his sentence in the Fraud
 Case.
 
 
          ¶5
 After Snedeker was released from prison and completed his
 work release sentence, the People filed probation revocation
 complaints in both cases alleging that he had violated the
 conditions of his probation by failing to disclose and being
 dishonest about financial information. The court scheduled a
 probation revocation hearing after the first probation
 revocation complaint was filed. While that hearing was
 pending, we decided Allman, holding that "when
 a court sentences a defendant for multiple offenses in the
 same case, it may not impose imprisonment for some offenses
 and probation for others." ¶ 28, 451 P.3d at 833.
 Shortly thereafter, Snedeker moved to dismiss the probation
 revocation complaints, alleging that his underlying
 probationary sentences were illegal under Allman.
 The district court concluded that the sentence in the Fraud
 Case was illegal because it featured both a prison term and a
 probationary term. Thus, the court ordered that Snedeker must
 be resentenced. Conversely, the court concluded that the
 original sentence in the Theft Case was legal because it only
 
 7
 
 involved probation; in so finding, the court interpreted
 Allman "to only apply in the narrow situation
 of a probation sentence and a [prison] sentence on two
 separate counts in the same case."
 
 
          ¶6
 The court then conducted a joint resentencing hearing. In the
 Theft Case, the court revoked Snedeker's probationary
 sentence and resentenced him to four years of imprisonment,
 plus three years of parole. At the same hearing, in the Fraud
 Case, the court resentenced Snedeker to twenty years of
 probation with a four-year credit for the time he served in
 prison. The court ordered the sentences to run concurrently
 with each other.
 
 
          ¶7
 Snedeker appealed both cases. The court of appeals upheld the
 sentence in the Fraud Case, finding that Snedeker's new
 sentence conformed with Allman because it was a
 probationary sentence without a prison component.
 Snedeker, ¶ 13, 535 P.3d at 131. It also
 rejected Snedeker's argument that sentencing him to
 prison in one case and probation in another is illegal,
 declining to extend Allman's holding to cases
 where prison and probationary sentences were imposed in
 separate cases. Id. at ¶ 14, 535 P.3d at 131.
 
 
          ¶8
 We granted certiorari in the Fraud Case, though the issues in
 the petition involved both cases. Therefore, while
 Snedeker's appeal of the Theft Case was pending in the
 court of appeals, we issued a C.A.R. 50 order to obtain
 jurisdiction
 
 8
 
 over that appeal and address it simultaneously with the Fraud
 Case.[4] We now affirm the court of appeals'
 judgment in the Fraud Case and the district court's
 resentencing in the Theft Case.
 
 
          II.
 Analysis
 
 
          ¶9
 We first consider whether a court violates Allman by
 reimposing probation on a defendant who has already completed
 the prison portion of an illegal prison-plus-probation
 sentence. We hold that when a sentence is illegal under
 Allman and a defendant has already served the prison
 portion of the sentence, the court has the authority to
 reimpose a probationary term because probation remains a
 legal sentencing option at resentencing. Next, we address
 whether, when a defendant is sentenced in multiple cases at
 the same hearing, it violates Allman for the court
 to impose prison in one case concurrent to probation in
 another. Because the rule in Allman is specific to
 cases where there are "multiple offenses in the same
 case," ¶ 40, 451 P.3d at 835, we hold that it does
 not violate Allman for a court to sentence a
 defendant to imprisonment in one case and probation
 in a separate case.
 
 9
 
          A.
 Legal Standards
 
 
          ¶10
 It is the legislature's prerogative to prescribe
 punishments. Vensor v. People, 151 P.3d 1274, 1275
 (Colo. 2007). "Courts therefore exercise discretion in
 sentencing only to the extent permitted by statute."
 Id. Courts have no inherent power to impose a
 sentence without statutory authority. Allman, ¶
 30, 451 P.3d at 833. Trial courts have statutory authority to
 impose sentences of probation or imprisonment. Id.
 at ¶ 34, 451 P.3d at 833 (explaining that the probation
 statute "requires a choice between prison and
 probation").
 
 
          ¶11
 Probation and imprisonment are sentencing options governed by
 separate statutes. §§ 18-1.3-201 to -212, C.R.S.
 (2024); §§ 18-1.3-401 to -410, C.R.S. (2024). In
 interpreting a statute, the court must discern the
 legislature's intent. People v. Jones, 2020 CO
 45, ¶ 54, 464 P.3d 735, 746. To do so, we first look at
 the plain language of the statute. Garcia v. People,
 2023 CO 41, ¶ 14, 530 P.3d 1200, 1203. "We do not
 add words to the legislature's chosen text. Where the
 plain language is clear and unambiguous, we apply it as
 written." Id. (citation omitted) (first citing
 People v. Diaz, 2015 CO 28, ¶ 12, 347 P.3d 621,
 624; and then citing Nieto v. Clark's Mkt.,
 Inc., 2021 CO 48, ¶ 12, 488 P.3d 1140, 1143). If
 the statute is silent on a matter or the language is
 susceptible to more than one reasonable interpretation, we
 may use extrinsic aids to interpret and apply the statute to
 effectuate legislative intent. Martinez v. People,
 2020 CO 3, ¶ 17, 455 P.3d 752, 756. Extrinsic aids of
 construction
 
 10
 
 include "the consequences of a given construction, the
 end to be achieved by the statute, and the statute's
 legislative history." McCoy v. People, 2019 CO
 44, ¶ 38, 442 P.3d 379, 389. We read the legislative
 "scheme as a whole, giving consistent, harmonious, and
 sensible effect to all of its parts, and we must avoid
 constructions that would render any words or phrases
 superfluous or lead to illogical or absurd results."
 Id.
 
 
          ¶12
 Whether a trial court has the authority to impose a specific
 sentence is a question of statutory interpretation, which we
 review de novo. Magana v. People, 2022 CO 25, ¶
 33, 511 P.3d 585, 592.
 
 
          B.
 Courts May Resentence Defendants to Probation After They Have
 Completed Their Prison Term
 
 
          ¶13
 We must first determine whether a court violates
 Allman by reimposing probation on a defendant who
 has already completed the prison portion of an illegal
 prison-plus-probation sentence. We hold that when a sentence
 is illegal under Allman and a defendant has already
 served the prison portion of the sentence, the court has the
 authority to reimpose a probationary term because probation
 remains a legal sentencing option at resentencing.
 Accordingly, we conclude that it was permissible for the
 district court to resentence Snedeker to twenty years of
 probation with credit of four years for time served in the
 Fraud Case.
 
 11
 
          ¶14
 We held in Allman that a court may not sentence a
 defendant to terms of both prison and probation in the same
 case. ¶ 40, 451 P.3d at 835. Snedeker now contends that,
 when a sentencing court resentences a defendant whose initial
 sentence violated Allman (and who had already
 completed the prison term), the court may not simply reimpose
 a defendant's original[5] probationary sentence because doing so
 results in a functional equivalent of the sentence that
 Allman prohibited (i.e., a term of prison followed
 by probation). See id.
 
 
          ¶15
 To evaluate this argument, we first look at the plain
 language of the statutes for guidance, before analyzing and
 applying Allman. Section 18-1.3-202(1)(a), C.R.S.
 (2024), describes the probationary power of the court and
 states that "[i]f the court chooses to grant the
 defendant probation, the order placing the defendant on
 probation shall take effect upon entry." When a
 defendant is resentenced to probation alone, there is nothing
 in that sentence preventing the order from taking
 effect upon entry. Further, the probationary power of the
 court applies equally to sentencing and resentencing as
 section 18-1.3-202 does not distinguish between types of
 sentencing hearings.
 
 12
 
          ¶16
 Additionally, courts may correct an illegal sentence at any
 time. Crim. P. 35(a). When "any aspect of a sentence is
 inconsistent with statutory requirements, the complete
 sentence is illegal," Delgado v. People, 105
 P.3d 634, 637 (Colo. 2005), and an illegal sentence is
 "void," People v. Flenniken, 749 P.2d 395,
 398 (Colo. 1988). A void judgment is void ab initio,
 meaning "it is as if the judgment never existed."
 Watt v. United States, 162 F. App'x. 486, 503
 (6th Cir. 2006) (unpublished opinion) (citing In re
 James, 940 F.2d 46, 52 (3d Cir. 1991)). Generally,
 courts vacate illegal sentences and resentence defendants to
 a legal sentence-either to prison or probation.
 See, e.g., Flenniken, 749 P.2d at 398. But
 section 18-1.3-202 does not address the specific scenario
 presented here: when a defendant is resentenced to probation
 after completing the prison portion of an illegal
 prison-plus-probation sentence. Thus, we turn to
 Allman.
 
 
          ¶17
 Allman addressed an illegal sentence of prison plus
 probation and held that "when a court sentences a
 defendant for multiple offenses in the same case, it
 may not impose imprisonment for some offenses and probation
 for others." ¶ 28, 451 P.3d at 833 (emphasis
 added). Our holding was based on both statutory language and
 practical considerations. Id. at ¶¶ 33,
 39, 451 P.3d at 833-35. Specifically, we interpreted the
 probation statutes as requiring a choice between prison and
 probation, and we determined that the requirement that
 probation orders "shall take effect upon entry"
 means that probation is not intended to run
 
 13
 
 consecutively to a sentence of imprisonment. Id. at
 ¶ 38, 451 P.3d at 834; § 18-1.3-202(1)(a). We also
 rejected the argument that, in a single case, a court could
 "impose a period of post-incarceration probation longer
 than that of parole"; we reasoned that "allowing a
 trial court to in effect increase the time of
 post-incarceration supervision ignores the fact that the
 legislature determined the proper length of time for a
 defendant's post-incarceration supervision when it
 crafted mandatory periods of parole." Allman,
 ¶ 35, 451 P.3d at 834. Finally, we posited that the
 legislature did not intend for defendants to be
 simultaneously supervised by two branches of government
 during post-incarceration supervision. Id. at ¶
 38, 451 P.3d at 834.
 
 
          ¶18
 Next, we consider whether the Allman holding extends
 to Snedeker's circumstances. We will address the
 sentencing court's decision between probation and prison,
 the timing of the sentences' imposition, and the
 implications of mandatory parole periods.
 
 
          ¶19
 First, unlike in Allman, Snedeker's new
 sentence in the Fraud Case is not a prison-plus-probation
 sentence; instead, it is a sentence of straight probation.
 That Snedeker was previously sentenced to prison
 plus probation is irrelevant because that sentence is void
 and has no effect; during resentencing, the court may
 consider all available sentencing options anew. See
 Watt, 162 F. App'x. at 503.
 
 14
 
          ¶20
 Second, the probation statutes and Allman both
 dictate that probation must "take effect upon
 entry." Allman, ¶ 38, 451 P.3d at 834;
 § 18-1.3-202(1)(a). In Snedeker's instance, because
 he was resentenced to probation alone in the Fraud Case, that
 sentence began immediately. Further, that Snedeker had
 already served the prison portion of his sentence does not
 prevent the reimposed probation from being a legal sentence.
 This remains true even if a defendant's lived experience
 includes a prison sentence, followed by a new sentence of
 probation.
 
 
          ¶21
 Third, unlike in Allman, Snedeker's Fraud Case
 sentence contains no parole alongside a probationary term.
 True, the Fraud Case probation results in concurrent
 post-incarceration supervision (probation in the Fraud Case
 and parole in the Theft Case), but the probation is based on
 Snedeker's convictions in the Fraud Case, not the Theft
 Case.[6]
 
 
          ¶22
 Accordingly, we hold that when a sentence is illegal under
 Allman and a defendant has already served the prison
 portion of the sentence, the court has the authority to
 reimpose a probationary term because probation remains a
 legal sentencing option at resentencing.
 
 15
 
          ¶23
 Therefore, in this case, the district court's sentence is
 permissible under Allman, even though Snedeker had
 already served four years of prison, because the new sentence
 does not combine prison and probation and is within the
 parameters of the court's sentencing
 discretion.[7] Accordingly, we conclude it was
 permissible for the district court to resentence Snedeker to
 twenty years of probation with credit of four years for time
 served in the Fraud Case.
 
 
          C.
 Courts May Concurrently Sentence a Defendant to Imprisonment
 in One Case and Probation in Another
 
 
          ¶24
 We must next determine, when a defendant is resentenced in
 multiple cases at the same hearing, whether it violates
 Allman for the court to impose prison in one case
 concurrently with probation in another. We begin with the
 plain language of the statutes that govern probation and
 sentencing, respectively. We then consider whether
 Allman's rationale, which involved a single
 multi-count case, extends to multiple cases at a global
 hearing. Finally, we assess the practical consequences when a
 defendant is sentenced in two separate cases. We conclude
 that it does not violate Allman for a court to
 sentence a defendant to imprisonment in one case and
 probation in a separate case.
 
 16
 
          ¶25
 Section 18-1.3-202(1)(a), the probation statute, explains
 that courts should conduct a "best interest"
 inquiry when determining whether probation is an appropriate
 sentence:
 
 
 When it appears to the satisfaction of the court that the
 ends of justice and the best interest of the public, as well
 as the defendant, will be served thereby, the court may grant
 the defendant probation for such period and upon such terms
 and conditions as it deems best.
 
 
          Next,
 section 18-1.3-203(1), C.R.S. (2024), instructs courts to
 consider "the nature and circumstances of the
 offense" and "the history and character of the
 defendant" when deciding whether to impose a sentence of
 prison or probation. Nowhere do these statutes restrict a
 court's sentencing options across multiple cases.
 Further, courts must be able to consider the circumstances of
 individual cases to decide appropriate sentences in each
 case, independent of a defendant's other cases.
 Snedeker's preferred rule, which would prevent courts
 from imposing concurrent probation and prison sentences in
 different cases, would significantly constrict courts'
 discretion. Courts evaluating multiple cases with the same
 defendant would not be able to order a sentence based purely
 on "the nature and circumstances" of the offense in
 each case. Id. Constraining a court's discretion
 to impose a sentence in one case based on a sentence imposed
 in a separate case with distinct facts could result in
 disproportionate and illogical sentencing outcomes. This is
 problematic because each case still requires an appropriate
 sentence based on the facts and circumstances therein.
 See Delgado, 105 P.3d at 637. Thus, section
 
 17
 
 18-1.3-202(1)(a) allows for concurrent sentences of
 imprisonment and probation in separate cases.
 
 
          ¶26
 Snedeker nevertheless cites Allman's language
 that the "legislature did not intend to allow a court to
 sentence a defendant to both probation and imprisonment"
 because it "could not have intended for defendants to be
 simultaneously subject to two separate branches of government
 during their post-incarceration supervision." ¶ 39,
 451 P.3d at 834-35. We recognize that our holding today
 implicates such a scenario because a defendant who is
 sentenced to prison in one case and probation in another
 could end up simultaneously on parole (executive branch
 supervision) and probation (judicial branch supervision).
 Obviously, this is problematic. However, dual supervision was
 only part of Allman's reasoning; it was not dual
 supervision alone, but the "collective force" of
 Allman's considerations, that guided our
 interpretation of legislative intent. People v.
 Manaois, 2021 CO 49, ¶ 30, 488 P.3d 1099, 1107
 (citing Allman, ¶ 28, 451 P.3d at 833).
 Additionally, the other considerations in Allman
 (discussed above) are not present in Snedeker's
 situation. Thus, despite this dual-supervision concern, we
 conclude that the need for courts to exercise independent
 judgment in separate cases, where distinct conduct is at
 issue, is overpowering.
 
 
          ¶27
 Further, there are many practical considerations that require
 allowing distinct sentences in separate cases. For instance,
 in a single multi-count case, the
 
 18
 
 offenses are related, and it makes sense for the sentencing
 court to impose a single sentence (either imprisonment or
 probation) that considers all offenses. However, in two
 separate cases, the offenses could be quite different, and a
 court could reasonably reach two different sentencing
 determinations. For example, a court may deem probation
 appropriate in one case because the defendant's conduct
 did not cause "serious harm" but deem imprisonment
 proper in a separate case in which the defendant did
 cause such harm. See § 18-1.3-203(2)(a). Thus,
 a court must be able to make an appropriate decision in the
 case before it without being bound by another court's
 sentencing determination in another case. This concern
 supports interpreting Allman as a single-case
 prohibition of prison and probation that does not apply in a
 multi-case scenario.
 
 
          ¶28
 For these reasons, we conclude that the district court's
 resentencing of Snedeker was permissible and did not run
 afoul of Allman.
 
 
          III.
 Conclusion
 
 
          ¶29
 For the reasons explained above, we affirm the court of
 appeals' judgment in the Fraud Case and the district
 court's resentencing in the Theft Case.
 
 
 ---------
 
 
 Notes:
 
 
 [1] The charges in the Fraud Case included
 counts of both securities fraud and theft. The name
 "Fraud Case" is not meant to disregard the theft
 charges and is used only for the readers'
 convenience.
 
 
 [2] We granted certiorari to review the
 following issues:
 
 
 1. Whether in cases where a prison-plus-probation
 sentence violates Allman v. People, 2019 CO 78, 451
 P.3d 826, re-imposition of the original probation sentence
 after the defendant has served the prison sentence (thereby
 resulting in the same sentence) remains violative of
 Allman.
 
 
 2. Whether, in cases where a defendant is resentenced
 in a global sentencing hearing, it violates Allman
 for the court to impose prison in one case concurrent to
 probation in another.
 
 
 The first issue stems from the Fraud Case alone, while
 the second issue involves both cases. Because the court of
 appeals had not completed its review of the Theft Case by the
 time we granted Snedeker's petition in the Fraud Case, we
 issued a C.A.R. 50 order to bring the Theft Case before us so
 we could properly address both issues raised in the
 petition.
 
 
 [3] We are including this
 timeline for clarity.
 
 
 [4] The People contend that this court
 does not have jurisdiction over the Theft Case. However,
 Snedeker concedes this court's jurisdiction over that
 case. Because we granted certiorari on two issues, one of
 which involves both cases, we will proceed accordingly under
 C.A.R. 50.
 
 
 [5] We use the term "original"
 because it is part of the first issue on which we granted
 certiorari review and accurately describes what the district
 court did here by reimposing Snedeker's probationary
 sentence.
 
 
 [6] In other words, the legislature's
 purpose for parole will be satisfied when Snedeker's
 Theft Case sentence ends. He will then continue to be
 supervised via the Fraud Case probationary sentence. However,
 the probation does not serve to extend the Theft Case's
 post-incarceration supervision.
 
 
 [7] We acknowledge the concern that
 resentencing in this case "could either provide a
 windfall for [Snedeker] or penalize [him] for contesting an
 illegal sentence." Snedeker, ¶ 12, 535
 P.3d at 131. However, we agree with the court of appeals that
 the district court appropriately addressed this concern by
 crediting Snedeker's four years of time served toward his
 new probation sentence. Id.
 
 
 ---------