FILED
United States Court of Appeals
Tenth Circuit

**June 25, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

DELMART E.J.M. VREELAND, III,

    Petitioner - Appellant,

v.

JEFF LONG, Warden; MOSES STANCIL,
Executive Director of the Colorado
Department of Corrections; PHILIP J.
WEISER, The Attorney General of the
State of Colorado,

    Respondents - Appellees.

No. 26-1058
(D.C. No. 1:25-CV-02647-LTB-RTG)
(D. Colo.)

_____

## ORDER DENYING CERTIFICATE OF APPEALABILITY*
_____

Before **PHILLPS**, **McHUGH**, and **FEDERICO**, Circuit Judges.
_____

Delmart E.J.M. Vreeland, III, requests a certificate of appealability (COA) to

appeal from the dismissal of his 28 U.S.C. § 2254 habeas application as an unauthorized

second or successive § 2254 application.  We deny a COA and dismiss this matter.

---

    * This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

A jury found Vreeland guilty of thirteen Colorado crimes in 2006. As relevant here, the state district court ordered the sentence on Count 9 to run concurrently with the aggregate sentence it imposed on the other counts.

After having already pursued state and federal post-conviction proceedings, in 2021 Vreeland filed another state post-conviction proceeding. The state district court denied relief, and Vreeland appealed to the Colorado Court of Appeals. While that appeal was pending, on June 5, 2025, the state district court entered an order entitled *Order Re: Correction of the Mittimus Pursuant to Colorado Rule of Criminal Procedure 36* (the June 5 Order). The June 5 Order stated the court's intent to "correct clerical errors in the Mittimus" by modifying two statutory references "to be consistent with the Complaint and the jury's conviction" and by providing that "Count Nine (9) shall run consecutive to Count Eight (8)." Aplt. App. vol. 1 at 157.

On August 22, 2025, Vreeland filed in federal district court the § 2254 application underlying this matter. Because Vreeland already had pursued relief under § 2254, *see Vreeland v. Zupan*, 906 F.3d 866 (10th Cir. 2018), the State argued the filing was an unauthorized second or successive § 2254 application, *see In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam) ("A district court does not have jurisdiction to address the merits of a second or successive . . . 28 U.S.C. § 2254 claim until [the circuit] court has granted the required authorization."). Vreeland responded that the June 5 Order was a new judgment, and thus the application could not be considered second or successive under *Magwood v. Patterson*, 561 U.S. 320, 341-42 (2010) ("[W]here . . . there is a new

2

judgment intervening between the two habeas petitions, an application challenging the resulting new judgment is not second or successive at all." (citation and internal quotation marks omitted)).

On October 16, 2025, however, the Colorado Court of Appeals held the state district court did not have jurisdiction to enter the June 5 Order because Vreeland's appeal had divested the state district court of jurisdiction to consider matters regarding his sentence. The court held that "[a]s a result, the portion of the June 2025 Order amending Vreeland's sentence on count nine is void." Aplt. App. vol. 4 at 1031. Further, rejecting Vreeland's argument that the sentence for Count 9 should run consecutive to his other sentences, the state appellate court "decline[d] to disturb the trial court's sentence on count nine." *Id.* at 1032; *see also id.* at 1033 ("[W]e discern no basis for disturbing the trial court's original sentence on count nine.").

In light of the Colorado appellate court's decision, the federal magistrate judge recommended that the federal district court dismiss the August 2025 § 2254 application as an unauthorized second or successive § 2254 application. Vreeland objected, but the district court adopted the recommendation and dismissed the § 2254 application for lack of jurisdiction.

## DISCUSSION

To appeal, Vreeland must obtain a COA. *See* 28 U.S.C. § 2253(c)(1)(A). To do that, he must make "a substantial showing of the denial of a constitutional right." § 2253(c)(2). Because the district court dismissed the application on a procedural ground, he must show that reasonable jurists "would find it debatable whether the petition

3

states a valid claim of the denial of a constitutional right and . . . whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Vreeland argues that the August 2025 § 2254 application was not a second or successive application because when he filed the application, the June 5 Order was a new criminal judgment; the August 2025 application was the first § 2254 application to challenge that judgment; courts evaluate their jurisdiction to consider a habeas application as of the date of filing; and it was improper for the district court to consider events after the date of filing in considering whether the application was a second or successive application. But we need not consider whether reasonable jurists would debate Vreeland's arguments because "we may deny a COA if there is a plain procedural bar to habeas relief, even though the district court did not rely on that bar," *Davis v. Roberts*, 425 F.3d 830, 834 (10th Cir. 2005).

A district court loses jurisdiction over a habeas application that becomes moot while the action is pending. *See Hayes v. Evans*, 70 F.3d 85, 86 (10th Cir. 1995); *see also Eddleman v. McKee*, 586 F.3d 409, 413 (6th Cir. 2009) ("[O]nce the unconstitutional judgment is gone, so too is federal jurisdiction under § 2254."). By voiding the June 5 Order, the Colorado appellate decision mooted the August 2025 § 2254 application.

*Magwood* makes clear that a § 2254 application challenges a particular judgment. *See* 561 U.S. at 332-33 ("[B]oth § 2254(b)'s text and the relief it provides indicate that the phrase 'second or successive' must be interpreted with respect to the judgment challenged."); *id.* at 333 ("Custody is crucial for § 2254 purposes, but it is inextricable

4

from the judgment that authorizes it."). The August 2025 § 2254 application challenged the June 5, 2025, judgment. *See* Aplt. App. vol. 1 at 8. Also, Vreeland rebutted the State's contention that the application was a second or successive § 2254 application by arguing he challenged an intervening judgment (an argument he reiterates here). By the time the federal district court took up the matter, however, the Colorado appellate court had declared the June 5 Order void and had declined to disturb the original judgment. Therefore, the judgment Vreeland named as the subject of the August 2025 § 2254 application no longer had any effect. It was not authorizing Vreeland's custody. Indeed, under Colorado law, it never existed. *See Snedeker v. People*, 564 P.3d 301, 306 (Colo. 2025). No reasonable jurist would debate whether the district court could offer habeas relief from a non-existent judgment. In these circumstances, no reasonable jurist would debate the propriety of dismissing for lack of subject-matter jurisdiction.

## CONCLUSION

We deny a COA and dismiss this matter.

Entered for the Court

Per Curiam